FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY

v.

Raymond DuFRESNE.

Civ. A. No. 80–3409.

United States District Court, E. D. Pennsylvania.

April 10, 1981.

Charles W. Craven, Philadelphia, Pa., for plaintiff.

Allen L. Feingold, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court is plaintiff's motion for summary judgment in a declaratory judgment action, brought by Fireman's Insurance Company of Newark, New Jersey ("Fireman's"), to have this Court determine whether Fireman's must arbitrate a claim made by defendant Raymond DuFresne ("DuFresne") under the "uninsured motorist" provision of his employer's automobile liability insurance policy. The motion is unanswered. Nevertheless, because plaintiff's motion and the accompanying exhibits fail to resolve two genuine issues of material fact appearing in the record, the motion must be denied.

The action arises out of an automobile accident which occurred in Delaware on June 21, 1977. DuFresne was injured when the automobile he was driving collided with an automobile driven by one Tanye Watson ("Watson"). As a result of DuFresne's ensuing claim against Watson, Nationwide Insurance Company ("Nationwide") paid DuFresne an amount in settlement of the claim. Since DuFresne believed that the amount paid by Nationwide did not fully compensate him for his injuries, he made a claim under the uninsured motorist provision of his employer's policy with Fireman's.[1] Fireman's rejected the claim on the ground that the insurance policy assertedly in force excluded coverage where the claimant was legally entitled to recover under a liability policy covering the other vehicle involved in the collision in at least the amounts required by the applicable state financial responsibility law. DuFresne then informed Fireman's that he would seek to compel arbitration under the arbitration clause of the Fireman's policy.[2] Because

1. The policy provisions assertedly governing the scope of the uninsured motorist coverage provide as follows:

   I. COVERAGE U—UNINSURED MOTORISTS
   (Damages for Bodily Injury)
   The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.
   *  *  *  *  *  *
   V. ADDITIONAL DEFINITIONS
   When used in reference to this insurance (including endorsements forming a part of the policy): ...
   "uninsured highway vehicle" means:
   (a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or
   (b) a hit-and-run-vehicle;
   but the term "uninsured highway vehicle" shall not include:
   (i) an insured highway vehicle....
   Motion of Plaintiff Fireman's Insurance Company of Newark, New Jersey for Summary Judgment ("Plaintiff's Motion"), Ex. C.

2. The arbitration clause of the policy provides as follows:

   VI. ADDITIONAL CONDITIONS ...
   F. Arbitration.
   If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award

Fireman's believes that neither the uninsured motorist provision nor the arbitration clause applies in this case, Fireman's brought this action for declaratory and injunctive relief. These facts are undisputed.

Plaintiff's motion is based almost exclusively on *Safeco Insurance Company of America v. Wetherill*, 622 F.2d 685 (3d Cir. 1980). In *Safeco*, as here, the claimant was injured when the automobile she had been driving collided with another automobile. The driver of the other automobile was insured under a policy of motor vehicle liability insurance which provided limits of coverage for personal injury liability in the minimum amount allowed under the Pennsylvania financial responsibility law. *See* Pa.Stat.Ann. tit. 40, § 1009.104 (Purdon Supp. 1980–1981). The other driver's insurer paid the claimant $15,000 in settlement of his personal injury claims. The claimant then sought to recover under the uninsured motorist provision in the motor vehicle liability insurance policy covering the car claimant had been driving at the time of the accident. The policy contained uninsured motorist provisions and an arbitration clause virtually identical to those contained in the Fireman's policy. After the issuer of this policy, Safeco Insurance Company of America ("Safeco"), denied liability, the claimant filed a demand for arbitration with the American Arbitration Association. Safeco then filed an action in federal district court seeking a declaratory judgment that the claimant was not entitled to recover from Safeco under the uninsured motorist provision and a permanent injunction restraining the claimant from proceeding with the arbitration claim. Applying Pennsylvania law, the district court granted the relief sought, and the Third Circuit affirmed.

The Pennsylvania Supreme Court had not addressed the issues presented in *Safeco* and the state court precedents cited were found to be irrelevant or unreasoned;

therefore, the *Safeco* court had to predict "how the state's highest court would decide were it confronted with the problem." *Safeco Insurance Company of America v. Wetherill, supra,* at 688, *quoting McKenna v. Ortho Pharmaceutical Corp.*, 622 F.2d 657, 661 (3d Cir. 1980). *See also Commissioner v. Estate of Bosch*, 387 U.S. 456, 465, 87 S.Ct. 1776, 1782, 18 L.Ed.2d 886 (1967). Turning to the issue in the case, the *Safeco* court held first that, since the policy in *Safeco* required arbitration only for issues arising out of the use of an "uninsured automobile," and the other driver's automobile was not "uninsured" within the definition of the policy, the policy did not require that the issues be arbitrated. The court then rejected claimant's argument that the other driver was "uninsured" to the extent that the other driver's policy failed to compensate the claimant for his injuries and, therefore, concluded that claimant was not entitled to recover from Safeco.

While the result in this case seems preordained by *Safeco*, a review of the record reveals that two material facts remain unresolved. First, in two sets of answers to plaintiff's requests for admissions, DuFresne has refused to admit that the policy relied upon by Fireman's was the policy in force covering DuFresne's employer. Second, DuFresne has similarly refused to admit that Watson was in fact insured by Nationwide. On both issues, DuFresne stated that he is without knowledge and demands strict proof at trial.

It may be that the facts are other than Fireman's implies them to be; accordingly, the Court cannot grant summary judgment in Fireman's favor so long as these gaps in the proof remain.[3] For this reason, plaintiff's motion for summary judgment must be denied.

---

made by the arbitrators pursuant to this insurance.
Plaintiff's Motion, Ex. C.

3. Of course, should the record be developed, through discovery or affidavits, so as to furnish the links now missing, the Court would consider a renewed motion or cross-motions for summary judgment.