FIREMAN'S INSURANCE COMPANY
OF NEWARK, NEW JERSEY

v.

Raymond DuFRESNE.

Civ. A. No. 80–3409.

United States District Court,
E. D. Pennsylvania.

Sept. 2, 1981.

**864**

See also D.C. 513 F.Supp. 675.

Charles W. Craven, Philadelphia, Pa., for plaintiff.

Allen L. Feingold, Philadelphia, Pa., for defendant.

## MEMORANDUM AND ORDER

BECHTLE, District Judge.

Presently before the Court are opposing motions for summary judgment in a civil action initiated by plaintiff, Fireman's Insurance Company of Newark, New Jersey ("Fireman's"), to enjoin defendant, Raymond DuFresne ("DuFresne"), from seeking arbitration of a claim made by DuFresne under the "uninsured motorist" provision of his employer's automobile liability insurance policy, and to obtain a declaratory judgment that DuFresne is not entitled to recover on his claim. Because the plaintiff failed to eliminate all genuine issues of material fact and Pennsylvania law dictates that disputed issues of fact be resolved by arbitration, Fireman's motion for summary judgment will be denied and DuFresne's motion will be granted.

## I.  *Statement of the Case*

This action arises out of an automobile accident which occurred in Delaware on June 21, 1977. DuFresne was injured when the automobile he was driving, owned by his employer, the Edward J. Ring Detective Agency ("Ring"), collided with an automobile driven by Tanye Watson ("Watson"). DuFresne made a claim against Watson, and thereafter received a check from Nationwide Insurance Company ("Nationwide") for an amount in settlement of his claim. DuFresne believed, however, that the amount paid by Nationwide did not fully compensate him for his injuries. Upon inquiry, he learned that Ring's vehicles were covered by an automobile liability insurance policy issued by Fireman's. He also learned that the policy contained an "uninsured motorist" provision and a clause requiring arbitration of disputes regarding coverage under the uninsured motorist provision. Nevertheless, DuFresne did not see or receive a copy of Ring's policy before this lawsuit was filed. Acting on the theory that Watson was an "uninsured motorist," at least to the extent that the amount paid by Nationwide failed to compensate him for his injuries, DuFresne made a claim under the uninsured motorist provision of Fireman's policy. Fireman's denied the claim. When DuFresne threatened to file an action to compel arbitration, Fireman's instituted this action.

In denying the claim, Fireman's relied on two provisions of the policy it assertedly issued to Ring. The first, the "uninsured motorist" provision, reads as follows:

I.  COVERAGE U—UNINSURED MOTORISTS (Damages for Bodily Injury)

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purposes of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

\*    \*    \*    \*    \*    \*

V.  ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

\*   \*   \*   \*   \*   \*

"uninsured highway vehicle" means:

(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(b) a hit-and-run-vehicle;

but the term "uninsured highway vehicle" shall not include:

(i) an insured highway vehicle.

\*   \*   \*   \*   \*   \*

*See* Plaintiff's Motion for Summary Judgment, Exhibits I, J, K.

Fireman's also relied on the policy's arbitration clause, which provides:

VI.   ADDITIONAL CONDITIONS

\*   \*   \*   \*   \*   \*

F.   Arbitration.

If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration

are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

*Id.* After this action was filed, Fireman's moved for summary judgment. Fireman's argued that the undisputed facts of the case, set forth above, together with the quoted policy provisions, showed that Fireman's was entitled to a judgment, as a matter of law, under the decision of the United States Court of Appeals for the Third Circuit in *Safeco Insurance Co. of America v. Wetherill*, 622 F.2d 685 (3d Cir. 1980).

In *Safeco*, an insured motorist who had been involved in an automobile collision with another motorist brought a claim against his own insurer under the uninsured motorist provision of his policy, even though he had already recovered from the other motorist's insurer the maximum amount available under the other motorist's policy. That amount equalled the minimum amount of coverage required by Pennsylvania law. As in the present case, the claiming insured contended that the amount recovered was insufficient to compensate him for his injuries, and that the other motorist was, therefore, "uninsured" to the extent that his coverage was insufficient. The claimant's insurer denied the claim and refused to submit to arbitration. The insurer contended that the language of the policy's uninsured motorist and arbitration clauses, which were identical in all material respects to the language of the clauses in the Fireman's policy here, clearly indicated that the arbitration clause did not apply where the other motorist involved carried automobile liability insurance in at least the minimum amount required by Pennsylvania law. The insurer also argued that, as a matter of Pennsylvania law, an "*under* insured" motorist is not an "*un* insured" motorist. The Third Circuit, forecasting Pennsylvania law,

agreed. The *Safeco* court held that where the other motorist does have insurance coverage to the minimum extent required by Pennsylvania law, he is not an "uninsured motorist," and that the insurer of a person involved in a collision with such a motorist need not arbitrate an uninsured motorist claim filed by its insured. *See* 622 F.2d at 691–92.

After reviewing the record in this case in light of *Safeco*, the Court denied the first summary judgment motion made by Fireman's. *Fireman's Insurance Co. of Newark, N. J. v. DuFresne*, 513 F.Supp. 675 (E.D.Pa.1981). As noted in the Court's opinion, DuFresne has steadfastly refused to admit two essential facts. *See* Defendant's Answers to Plaintiff's Interrogatories and Supplemental Interrogatories 5, 13, 15, 16, 17, 18; Defendant's Answers to Plaintiff's Supplemental Requests for Admissions 4, 5, 6, 7. First, DuFresne has refused to admit that the policy brought forward by Fireman's as the policy issued to Ring is, in fact, that policy. DuFresne has consistently argued that he has no way of knowing whether or not the policy proferred is, in fact, the policy issued to Ring because such information is exclusively in the possession of Fireman's, and because DuFresne was never shown the policy at any time prior to this litigation. Secondly, DuFresne has refused to admit that Watson was, in fact, insured by Nationwide. DuFresne has always maintained that he has had no way of knowing whether Nationwide actually insured Watson, having never seen a Nationwide policy issued to Watson. The existence of these factual gaps in the record prevented the Court from granting summary judgment in favor of Fireman's. *See id.* at 677.

Fireman's has since attempted to fill these factual gaps in the material accompanying its renewed summary judgment motion. First, Fireman's has submitted three affidavits, each accompanied by a copy of a Fireman's automobile liability insurance policy made out to Ring's name. In each, the affiant swears that, to his or her own personal knowledge, the attached insurance policy is a true and correct copy of the Fireman's automobile liability insurance policy issued to Ring. The three affiants are Ring's general manager, a Fireman's claims adjuster, and a claims representative for Ring's insurance broker. Plaintiff's Motion for Summary Judgment, Exhibits I, J, K. Fireman's has also submitted the affidavit of Christina Mandris, a claims adjuster with Nationwide, who therein swears:

[O]n February 5, 1980 Nationwide paid $25,000.00 to Mr. and Mrs. Raymond DuFresne in settlement of Mr. DuFresne's bodily injury claim arising out of an automobile collision with Nationwide's insured Tanye Watson which collision occurred on June 21, 1977 in the State of Delaware. The $25,000.00 payment represents the policy limits.

Plaintiff's Motion for Summary Judgment, Exhibit G.

## II. *Fireman's Insurance Company's Motion for Summary Judgment*

We turn first to the renewed motion for summary judgment filed by Fireman's. Under Rule 56, a party moving for summary judgment is entitled to the entry of a judgment in its favor "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56. In the present case, it is clear that, if the facts contained in the affidavits submitted by Fireman's are true, *Safeco* would compel the Court to enter judgment in favor of Fireman's. As set forth above, however, DuFresne has consistently argued that he has not been able to learn whether or not the facts contained in those affidavits are true, and so has refused to admit them in answers to defendant's interrogatories and requests for admissions. Thus, the Court is presented with the question whether, in the face of these denials, the affidavits submitted by Fireman's are sufficient to permit the Court to enter summary judgment for lack of any *genuine* issue of fact.

The nature of the two facts denied by DuFresne and the reasons offered for those denials convince the Court that it would be inappropriate for the Court to grant summary judgment in favor of Fireman's on this record. First, the authenticity of the policy proferred by Fireman's as the policy issued to Ring is a fact peculiarly within the knowledge of Fireman's. It is true that DuFresne must believe that a policy exists containing an uninsured motorist provision and an arbitration clause; but where the precise language of such provisions may be critical to the success or failure of DuFresne's claim, it would be unfair to deprive DuFresne of the opportunity to test the authenticity of the policy put forth here. This is especially true where, as here, he has no reason to know whether the policy—first seen in litigation—is the policy issued to Ring. *See generally* 6 *Moore's Federal Practice* ¶ 56.15[5] (2d ed. 1980).

A similar problem exists regarding the proof that Nationwide actually insured Watson. To date, Fireman's has failed to produce a copy of any policy issued to Watson. The *only* evidence Fireman's has offered is the affidavit of a Nationwide claims adjuster stating that Nationwide paid DuFresne by check on a claim against "Nationwide's insured Tanye Watson." *See* Plaintiff's Motion for Summary Judgment, Exhibit G. This affidavit fails to provide facts showing that the affiant has personal knowledge that Tanye Watson was, in fact, a Nationwide insured. At best, it bears clear proof only that the affiant knows that Nationwide sent DuFresne a check for $25,000.00.

It is admittedly clear from the evidence presented that Fireman's has the stronger case. That is not enough, however, to justify granting its motion for summary judgment. *See Sartor v. Arkansas Natural Gas Corp.*, 321 U.S. 620, 628–29, 64 S.Ct. 724, 729, 88 L.Ed. 1593 (1944). This is particularly true where, as here, there is another forum available to the parties for the resolution of the disputed issues. We turn then to DuFresne's motion for summary judgment.

## III. *DuFresne's Motion for Summary Judgment*

DuFresne argues in his motion that, under Pennsylvania law, disputed factual issues, like those involved here, must be resolved by arbitration. Since the record in the present case makes it plain that factual disputes continue to exist, DuFresne contends that he is entitled to a judgment as a matter of law, thus permitting him to proceed to arbitration.

The two cases which are most closely on point are *National Grange Mutual Insurance Co. v. Kuhn*, 428 Pa. 179, 236 A.2d 758 (1968) and *Grange Mutual Casualty Co. v. Pennsylvania Manufacturers' Association Insurance Co.*, 438 Pa. 95, 263 A.2d 732 (1970). Each of these cases involved a person, injured in a two-car automobile collision, who thereafter filed a claim under the uninsured motorist provision of the policy covering the automobile in which that person had been riding or driving at the time of the accident. In *National Grange*, the claimant filed his claim against the insurance company covering the vehicle in which he had been riding as a passenger, having satisfied himself that the other vehicle involved in the collision was uninsured. The insurance company denied this and sought to enjoin the claimant from proceeding with arbitration on the theory that the issue of whether the other motorist was, in fact, an uninsured motorist was not an arbitrable issue within the terms of the insurance policy. 236 A.2d at 758. On appeal from the lower court's decision granting a preliminary injunction in favor of the insurer, the Supreme Court of Pennsylvania rejected the insurer's argument and reversed, holding that whether the other motorist was, in fact, uninsured was clearly a matter for arbitration. *Id.* at 759–61.

In *Grange Mutual Casualty*, the injured motorist filed a claim against the insurer covering the other automobile involved in the collision. That insurer denied coverage on the ground that the driver of that automobile at the time of the collision (a person other than the automobile's owner) was not

driving with the owner's permission. The person injured then filed a claim under the uninsured motorist provision of his own policy and demanded arbitration. Thereafter, the injured's insurer filed a declaratory judgment action against the other vehicle's insurer, seeking a declaration that the operator of the other vehicle was, in fact, covered by its owner's policy, and that the other vehicle's insurer was, therefore, liable on its policy to compensate the injured person for his injuries. The other vehicle's insurer filed preliminary objections to the court's jurisdiction on the ground that the matter had to be resolved by arbitration. The lower court dismissed the objections and the other vehicle's insurer appealed. The Supreme Court of Pennsylvania reversed on the ground that, as in *National Grange*, such disputed issues of coverage must be resolved by arbitration. 263 A.2d at 733.

The two principle factual disputes here are no different from those involved in *National Grange* and *Grange Mutual Casualty*. DuFresne, here, vigorously and consistently has denied that Watson was, in fact, covered by Nationwide and that the policy offered by Fireman's was, in fact, the policy covering Ring's vehicles. Even though Fireman's appears to have the better case, the cited Pennsylvania cases make it plain that the resolution of the outstanding disputes must be left to the arbitrator.

*Safeco* does not require a contrary result. In *Safeco*, there was no dispute about whether the policy relied upon by *Safeco* was the policy covering the claimant. There was also no argument about whether the other vehicle was, in fact, covered by an adequate policy of insurance, or about whether the issuer of that policy had, in fact, paid an amount in settlement of the claim equal to the minimum amount of coverage required by Pennsylvania law. In short, the factual issues present here and in *National Grange* and *Grange Mutual Casualty* were not present in *Safeco*. Thus, the *Safeco* court had a clear record on which to rule. But where, as here, issues of fact remain unresolved, the Supreme Court of Pennsylvania has held that those issues must be resolved in arbitration.

IV. *Conclusion*

The materials submitted by Fireman's with its renewed motion for summary judgment have failed to eliminate all genuine issues of material fact. Pennsylvania law is clear that, where facts remain in dispute regarding uninsured motorist coverage, arbitration rather than trial is the proper method of resolution. For these reasons, the motion of Fireman's for summary judgment will be denied and DuFresne's motion for summary judgment will be granted.

An appropriate Order will be entered.