**FIREMAN'S INSURANCE COMPANY OF NEWARK, NEW JERSEY, Appellant,**

v.

**Raymond DuFRESNE.**

No. 81–2684.

United States Court of Appeals, Third Circuit.

Argued April 1, 1982.

Decided April 15, 1982.

See also D.C., 513 F.Supp. 675.

Charles W. Craven (argued), Jo Fineman White, Marshall, Dennehey, Warner, Coleman & Goggin, Philadelphia, Pa., for appellant.

Allen L. Feingold (argued), Philadelphia, Pa., for appellee.

Before GIBBONS, SLOVITER and BECKER, Circuit Judges.

## OPINION OF THE COURT

GIBBONS, Circuit Judge.

Fireman's Insurance Company of Newark, New Jersey (Fireman's) appeals from the grant of summary judgment in favor of Raymond DuFresne, requiring Fireman's to submit to arbitration DuFresne's claim for uninsured motorist coverage. Since the undisputed affidavits on file establish that the accident on which DuFresne's claim is based did not involve an uninsured motorist, we reverse and direct that summary judgment be entered in Fireman's favor.

### I.

On June 21, 1977, DuFresne was injured in an accident occurring in Delaware, when the automobile he was driving collided with one' driven by Tanye Watson. DuFresne made a claim against Watson and received a check for $25,000 from Nationwide Insurance Company in settlement. Believing that this amount did not fully compensate him for his injuries, he made inquiries concerning the insurance coverage of his employer, the Edward J. Ring Detective Agency, which owned the car DuFresne was driving at the time of the accident. Although he neither saw nor received a copy of his employer's policy issued by Fireman's before the commencement of this litigation, he did learn that the policy contained an "uninsured motorist" provision and a clause requiring arbitration of disputes regarding coverage.

Asserting that Watson was an uninsured motorist to the extent that the check from Nationwide failed to compensate him for his injuries, DuFresne made a claim under the uninsured motorist provision of Fireman's policy in April of 1980. When Fireman's denied the claim, DuFresne threatened to file an action to compel arbitration. Fireman's then filed suit to enjoin DuFresne from seeking arbitration and to obtain a declaratory judgment that he is not entitled to recover on his claim, and moved for summary judgment. Its affidavit in support of that motion alleges that the uninsured motorist provision of the policy issued to Ring reads as follows:

## I. COVERAGE U—UNINSURED MOTORISTS

### (Damages for Bodily Injury)

The company will pay all sums which the insured or his legal representative shall be legally entitled to recover as damages from the owner or operator of an uninsured highway vehicle because of bodily injury sustained by the insured, caused by accident and arising out of the ownership, maintenance or use of such uninsured highway vehicle; provided, for the purpose of this coverage, determination as to whether the insured or such representative is legally entitled to recover such damages, and if so the amount thereof, shall be made by agreement between the insured or such representative and the company or, if they fail to agree, by arbitration.

\* \* \* \* \* \*

## V. ADDITIONAL DEFINITIONS

When used in reference to this insurance (including endorsements forming a part of the policy):

\* \* \* \* \* \*

"uninsured highway vehicle" means:

(a) a highway vehicle with respect to the ownership, maintenance or use of which there is, in at least the amounts specified by the financial responsibility law of the state in which the insured highway vehicle is principally garaged, no bodily injury liability bond or insurance policy applicable at the time of the accident with respect to any person or organization legally responsible for the use of such vehicle, or with respect to which there is a bodily injury liability bond or insurance policy applicable at the time of the accident but the company writing the same denies coverage thereunder or is or becomes insolvent; or

(b) a hit-and-run vehicle;

but the term "uninsured highway vehicle" shall not include:

(i) an insured highway vehicle.

\* \* \* \* \* \*

The policy's arbitration clause provides:

## VI. ADDITIONAL CONDITIONS

\* \* \* \* \* \*

F. Arbitration.

If any person making claim hereunder and the company do not agree that such person is legally entitled to recover damages from the owner or operator of an uninsured highway vehicle because of bodily injury to the insured, or do not agree as to the amount of payment which may be owing under this insurance, then, upon written demand of either, the matter or matters upon which such person and the company do not agree shall be settled by arbitration, which shall be conducted in accordance with the rules of the American Arbitration Association unless other means of conducting the arbitration are agreed to between the insured and the company, and judgment upon the award rendered by the arbitrators may be entered in any court having jurisdiction thereof. Such person and the company each agree to consider itself bound and to be bound by any award made by the arbitrators pursuant to this insurance.

In response to Fireman's motion, DuFresne asserted that he had no way of knowing either (1) that the policy proffered by Fireman's was in fact the policy issued to DuFresne's employer or (2) that Watson was in fact insured by Nationwide. His refusal to admit these propositions as facts led the district court to deny summary judgment in favor of Fireman's and to suggest that Fireman's might renew its motion after attempting to fill in these factual gaps through discovery or affidavits. *Fireman's Insurance Co. of Newark, N. J. v. DuFresne*, 513 F.Supp. 675, 677 & n.3 (E.D. Pa.1981).

Fireman's responded by submitting four affidavits. Three of these—by the Ring Detective Agency's general manager, by a Fireman's claims adjuster, and by a claims representative for Ring's insurance bro-

ker—were accompanied by a copy of an automobile liability insurance policy containing the above-cited provisions issued to Ring by Fireman's. Each affiant swore that, to his or her own personal knowledge, the attached copy was a true and correct copy of Fireman's policy issued to Ring. The fourth affidavit was a statement by a Nationwide claims adjuster who swore:

[O]n February 5, 1980 Nationwide paid $25,000.00 to Mr. and Mrs. Raymond DuFresne in settlement of Mr. DuFresne's bodily injury claim arising out of an automobile collision with Nationwide's insured Tanye Watson which collision occurred on June 21, 1977 in the State of Delaware. The $25,000.00 payment represents the policy limits.

Despite these affidavits, the district court denied Fireman's renewed motion for summary judgment. The court concluded that DuFresne's continued refusal to admit the facts alleged in the affidavits represented, in these circumstances, a continuing genuine factual dispute inappropriate for disposition through a Rule 56 motion. The court further concluded that, in view of this factual dispute and Pennsylvania law concerning arbitration of such disputes, a DuFresne motion for summary judgment requesting dismissal of Fireman's action and requiring Fireman's to submit DuFresne's uninsured motorist claim to arbitration should be granted. *Fireman's Insurance Co. of Newark, N. J. v. DuFresne,* 523 F.Supp. 863 (E.D.Pa.1981).

## II.

In *Safeco Insurance Co. of America v. Wetherill,* 622 F.2d 685 (3d Cir. 1980), this court considered a case similar in a number of respects to the present case. There an insurance company also sued to enjoin an injured claimant from proceeding to arbitration of a dispute concerning its policy's

provision applicable to uninsured motorists. The claimant sought to recover under her father's insurance policy for the difference between her settlement with the insurer of the owner of the other automobile involved in the accident and the actual value of her personal injury damages. There was no dispute that she was insured under her father's policy, or that the other driver was in fact insured to the minimum required by the Pennsylvania financial responsibility law.[1] The issue was whether Pennsylvania law would allow a person, covered by a policy with uninsured motorist and arbitration provisions indistinguishable from those involved in this case, to seek arbitration under that policy for the amount the other driver was "underinsured" (*i.e.*, the difference between her recovery from the other driver and her actual personal injury damages). While agreeing that Pennsylvania courts had expressed a strong preference for arbitration of certain factual disputes concerning uninsured motorist coverage, this court concluded that the Pennsylvania Supreme Court would itself decide, as a matter of state law, that "uninsured" does not mean "underinsured." Thus the dispute would not be a matter for arbitration under the policy. 622 F.2d at 688–92.[2]

The district court in the present case stated that "if the facts contained in the affidavits submitted by Fireman's are true, *Safeco* would compel the court to enter judgment in favor of Fireman's." 523 F.Supp. at 866, *supra*. But the court went on to hold that since DuFresne "has no reason to know whether the [Fireman's] policy—first seen in litigation—is the policy issued to Ring" and since the affidavit from the Nationwide claims adjuster "fails to provide facts showing that the affiant has personal knowledge that Tanye Watson was, in fact, a Nationwide insured," these disputed issues necessitated a denial of Fireman's summary judgment motion. 523 F.Supp. at 867, *supra*.

---

1. Pa.Stat.Ann. tit. 40, § 1009.104 (Purdon Supp.1981–82), requires that owners of motor vehicles registered in Pennsylvania have liability coverage at least to the extent of $15,000 for damages arising out of the bodily injury or death of any one person.

2. *Safeco's* prediction of Pennsylvania law has been strongly bolstered by the *en banc* ruling of the Superior Court in *White v. Concord Mutual Ins. Co.,* —— Pa.Super. ——, 442 A.2d 713 (1982).

Decisions of this court construing Fed.R. Civ.P. 56, however, indicate that the district court was mistaken in finding disputed issues of fact in the face of the affidavits submitted by Fireman's. Rule 56(e) provides, in part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

[1, 2] Although courts are to resolve any doubts as to the existence of genuine issues of fact against the parties moving for summary judgment,[3] Rule 56(e) does not allow a party resisting the motion to rely merely upon bare assertions, conclusory allegations or suspicions.[4] Once the moving party has supplied sufficient affidavits in support of its motion, the opposing party must respond by supplementing the record in some manner—whether by its own affidavits or otherwise—setting forth specific facts demonstrating that there is a genuinely disputed factual issue for trial.[5]

In this case DuFresne has merely continued to deny knowledge of the facts, without offering any further material that might call into question the truth of Fireman's affidavits. These affidavits give ample factual support to Fireman's contentions regarding the insurance coverage both of DuFresne's employer and of Tanye Watson. DuFresne's continued denials of knowledge do not meet Rule 56(e) standards. Thus our agreement with the district court that *Safeco* does control in the absence of a genuine factual dispute, compels us to direct the entry of judgment in favor of Fireman's.

**III.**

The judgment of the district court is reversed with directions to grant Fireman's motion for summary judgment.

---

**3.** *E.g., United States ex rel. Jones v. Rundle,* 453 F.2d 147, 150 (3d Cir. 1971).

**4.** *Ness v. Marshall,* 660 F.2d 517, 519 (3d Cir. 1981). *See also Tilden Finance Corp. v. Palo Alto Service, Inc.,* 596 F.2d 604, 607 (3d Cir. 1979); *Tunnell v. Wiley,* 514 F.2d 971, 976 (3d Cir. 1975); *Robin Construction Co. v. United States,* 345 F.2d 610, 614–15 (3d Cir. 1965).

**5.** *Id.* The party opposing the motion may also attempt to explain his inability to present such affidavits pursuant to Fed.R.Civ.P. 56(f). That was not done here.