**RTC COMMERCIAL ASSETS TRUST
1995 NP3–1, Plaintiff,**

v.

**ASHME REALTY ASSOCIATES
III, et al., Defendants.**

**No. CIV.A. 96–4961.**

United States District Court,
E.D. Pennsylvania.

Dec. 16, 1998.

Jeffrey S. Adler, Jill S. Steber, Plymouth Meeting, PA, for Plaintiff.

Marian A. Kornilowicz, Philadelphia, PA, for Defendant.

### *MEMORANDUM*

LOWELL A. REED, Jr., District Judge.

Plaintiff RTC Commercial Assets Trust 1995 NP3–1 brought this action against defendants ASHME Realty Associates III ("ASHME"), Samuel Eisenberg ("Eisenberg"), Heshy Singer ("Singer"), and Jack Kreiser ("Kreiser"), as partners of ASHME and against Eisenberg and Singer individually, seeking recovery for the non-payment of a promissory note and sums secured by a mortgage in connection with real property located in Philadelphia County, Pennsylvania. This Court has jurisdiction pursuant to 28 U.S.C. § 1332 as the parties are of diverse citizenship and the amount in controversy is in excess of $50,000.00,[1] exclusive of interest and costs.

Currently pending before the Court is the motion of plaintiff for summary judgment pursuant to Federal Rule of Civil Procedure 56 (Document No. 37), and the responses of the parties thereto. For the following reasons, the motion will be granted.

### I. FACTUAL BACKGROUND

The following facts are based on the evidence of record viewed in the light most favorable to defendants, the nonmoving party, as required when considering a motion for summary judgment. *See Carnegie Mellon*

*Univ. v. Schwartz*, 105 F.3d 863, 865 (3d Cir.1997). ASHME is a general partnership, formed under the laws of Pennsylvania, and has its principal place of business in Lakewood, New Jersey. On July 26, 1988, ASHME, through two of its general partners, Eisenberg and Singer, executed a promissory note together with a mortgage for real property located in Philadelphia County, Pennsylvania, in the amount of $448,000.00 plus interest, and an assignment of rents, in favor of AmeriFederal Savings Bank ("Bank"). On this same date, ASHME, through Eisenberg and Singer, and the Bank entered into a Loan Agreement providing, *inter alia*, the latter with various remedies in the event of a default by ASHME. The Bank is located in Lawrenceville, New Jersey.

Payments on the note were to commence on August 1, 1988 with the entire balance of principal and interest to mature on May 1, 1992. On October 26, 1995, the Resolution Trust Corporation ("RTC"), which had been appointed as receiver of the Bank, assigned all the documents relating to the promissory note, the mortgage loan, the assignment of rents, and the loan agreement to plaintiff RTC Commercial Assets Trust 1995 NP3–1 ("Trust"). On July 12, 1996, the Trust commenced this action alleging that ASHME failed to comply with the terms of the promissory note and the mortgage, and thus ASHME defaulted under all the relevant loan documents by failing to pay the unpaid balance of principal and interest.

### II. LEGAL STANDARD

Defendants have moved pursuant to Federal Rule of Civil Procedure 56 for summary judgment. Under Federal Rule of Civil Procedure 56(c), summary judgment may be granted when, "after considering the record evidence in the light most favorable to the nonmoving party, no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law." *Turner v. Schering–Plough Corp.*, 901 F.2d 335, 340 (3d

---

1. Plaintiffs filed their complaint on July 12, 1996 in the United States District Court for the Eastern District of Pennsylvania. I note that this lawsuit was commenced before the jurisdictional amount in controversy requirement under 28

U.S.C. § 1331 increased to $75,000.00. *See* Federal Courts Improvement Act of 1996, Pub.L. No. 104–317, 110 Stat. 3847 (enacted October 19, 1996, and effective January 17, 1997).

Cir.1990). For a dispute to be "genuine," the evidence must be such that a reasonable jury could return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). If the moving party establishes the absence of a genuine issue of material fact, the burden shifts to the non-moving party to "do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). The non-moving party may not rely merely upon bare assertions, conclusory allegations, or suspicions. *Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir.1982).

## III. DISCUSSION [2]

It is undisputed that no payments were made on account of the loan after June, 1992. The dispute rests solely on the amount of damages due the Trust. For purposes of determining this motion for summary judgment, the parties have entered into a stipulation which addresses all of the issues before this Court. *See* Document No. 41. Accordingly, the amount of unpaid principal due is $438,742.22. *See* Document 41, ¶ 1. The total interest through November, 1998, due is $235,641.16 ($232,579.08 through October 31, 1998 and an additional $3,062.08 for November, 1998).[3] *See* Document 41, ¶ 1. The attorney's fees are $28,991.86, paid through October 1, 1998. *See* Document 41, ¶ 1. Thus, the total amount due through November, 1998 is $703,375.24 *See* Document 41, ¶ 1. In addition, interest will continue to accrue at the per diem rate of $100.67 starting December 1, 1998. *See* Document 41, ¶ 3. Finally, for the limited purposes of determining this motion for summary judgment, the Trust is not pursuing its claims to default interest and/or late charges. *See* Document 41, ¶ 4.

2. In an earlier decision, this Court analyzed and decided the choice of law question, determining that New Jersey law applied. *RTC Commercial Assets Trust 1995 NP3-1 v. ASHME Realty Assocs., III*, 1997 WL 260424 at *3 (E.D.Pa. May 13, 1997).

## III. CONCLUSION

For the foregoing reasons, I will grant the motion. An appropriate Order follows.

3. The interest was calculated using the Federal Home Loan Advance Rate for One Year Borrowing in accordance with the terms of the Promissory Note dated 7/26/1988. *See* Document 41, ¶ 2.