

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-6-2006

# Only v. Cyr

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-1086

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Only v. Cyr" (2006). *2006 Decisions.* Paper 242.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/242

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 06-1086

WARREN ONLY,
Appellant

v.

OFFICER MARK CYR, #44, individually; OFFICER JOHN DOE,
(a fictitious named police officer), individually;
NEW JERSEY INSTITUTE OF TECHNOLOGY, (a public
research university); JIM ROBERTSON, Assistant Library
Director, individually, jointly, severally, and in thealternative

On appeal From the United States District Court
For the District of New Jersey
(D.N.J. Civ. No. 02-cv-03176)
District Judge: Honorable Jose L. Linares

Submitted Under Third Circuit LAR 34.1(a)
November 2, 2006

BEFORE: FISHER, ALDISERT AND WEIS, <u>CIRCUIT JUDGES</u>

(Filed:   November 6, 2006)

OPINION

PER CURIAM

Warren Only filed this civil rights action <u>pro</u> <u>se</u> in the United States District Court

for the District of New Jersey alleging that Defendants, police officers and an assistant

librarian at the New Jersey Institute of Technology ("NJIT"), deprived him of his constitutional rights. Only claims that while he was using NJIT's library, he was falsely accused of stealing computer equipment and subjected to an unreasonable search and seizure, in violation of his Fourth Amendment rights under 42 U.S.C. § 1983. Only also claims that the actions of Defendants Cyr and the NJIT police were part of a conspiracy to deprive him of his constitutional rights on the basis of his race (African-American), in violation of 42 U.S.C. § 1985(3), that Defendant Robertson violated 42 U.S.C. § 1986 by negligently failing to prevent Cyr and NJIT's conspiratorial acts, and that Robertson violated 42 U.S.C. § 1981. Only's complaint also included various state law tort claims, including harassment and emotional distress.

Defendants answered the complaint and filed cross claims for contribution and indemnification.[1] After the parties conducted discovery, Defendants filed motions for summary judgment. According to Defendants, Robertson, an assistant librarian, called the NJIT security department to report a possible theft of the library's front desk stapler. NJIT police officers Cyr and Green were dispatched to the library and when they arrived, Robertson identified Only as the person suspected by a front desk worker of having taken the stapler. Cyr and Green then approached Only and asked him if he would be willing to answer some questions in the lobby area. Only agreed. While Cyr was talking with Only, Green asked Only if he could look in his bag. After Only agreed, Green searched

---

[1]Cyr and NJIT jointly answered the complaint and moved for summary judgment. Robertson filed a separate answer and summary judgment motion.

the bag and did not find the stapler. Only then left the building.

In an order entered on December 12, 2005, the District Court granted summary judgment in favor of all Defendants on the constitutional claims and declined to exercise supplemental jurisdiction over the state law claims. Only timely appealed.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the District Court's grant of summary judgment de novo, viewing the underlying facts and all reasonable inferences therefrom in the light most favorable to the party opposing the motion. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is appropriate when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c).

In order to state a claim under 42 U.S.C. § 1983, Only must show both that he was deprived of a right, privilege, or immunity secured by the Constitution or laws of the United States and that the conduct complained of was committed by a person acting under color of state law. See Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994). As the District Court observed, an analysis of Only's § 1983 claims must begin with the identification of the specific constitutional rights infringed. See Gibson v. Superintendent of New Jersey, 411 F.3d 427, 433 (3d Cir. 2005) (internal citation omitted). The District Court held that Only failed to demonstrate the existence of a genuine issue of material fact with respect to any of his constitutional claims and that, therefore, his § 1983 claims against Officer Cyr necessarily failed. The District Court also held that the § 1983 claims

3

against NJIT failed because Only had presented no evidence that NJIT had a policy or custom to deprive him of his constitutional rights. After reviewing the record, we agree with the District Court and hold that Only's § 1983 claims were properly dismissed on summary judgment.[2]

Only asserts that Officers Cyr and Green violated his Fourth Amendment right to be free from unreasonable searches and seizures when they approached and questioned him and then searched his bag.[3] As the District Court observed, Only admitted in his brief opposing summary judgment that he consented to Green's search of his bag. See Dist. Ct. Op. at 8. Only argues that his consent was invalid because Cyr failed to inform him that he had the right to refuse the search. We find this argument meritless, as there is no such requirement. See United States v. Mendenhall, 446 U.S. 544, 555-56 (1980); United States v. Kim, 27 F.3d 947, 954 (3d Cir. 1994). We agree with the District Court that Only's consent was valid, as the evidence in the record indicates that the entire investigation lasted only seven minutes, the questioning took place in public, and Only was neither threatened nor intimidated into giving consent. See United States v. Chaidez, 906 F.2d 377, 381 (8th Cir. 1990). Given the validity of Only's consent, the District Court properly concluded that a jury could not find that the search of Only's bag violated the

---

[2]The District Court's dismissal included all claims asserted against "John Doe," a named Defendant in the complaint whom the District Court surmised Only intended to represent Officer Green.

[3]Although Only asserts that he was accused of stealing computer equipment, Defendants aver that the item reported missing was a stapler. Only contends that Defendants fabricated this "stapler bit" after realizing how far-fetched it would be to accuse him of putting a computer in his briefcase. This discrepancy, while curious, is not material to our analysis.

Fourth Amendment.[4]  See Kerns v. Chalfont-New Britain Tp. Joint Sewage Authority, 263 F.3d 61, 65 (3d Cir. 2001) (citing Schneckloth v. Bustamonte, 412 U.S. 218, 219 (1973)).

Similarly, none of Only's factual allegations support a finding that he was "seized" in violation of the Fourth Amendment when Cyr and Green approached and questioned him.  See Florida v. Bostick, 501 U.S. 429, 434 (1991) (A seizure does not occur every time a police officer approaches someone to ask a few questions.)  See also Mendenhall, 446 U.S. at 554-555 (holding that "a person has been 'seized' within the meaning of the Fourth Amendment only if, in view of all of the circumstances surrounding the incident, a reasonable person would have believed that he was not free to leave.") Cyr avers, and Only does not dispute, that after Green conducted the brief search of the bag, Only walked out of the library without responding to Cyr's request for his name.  See Cyr Affidavit ¶ 8.  As Only obviously did not feel coerced or threatened into either remaining in the library or responding to Cyr's question, we are unpersuaded by any argument that he felt threatened earlier.  Even assuming, arguendo, that Only was subjected to a "seizure" in the form of an "investigatory stop" under Terry v. Ohio, 392 U.S. 1 (1968), when he was questioned, such a stop was not unreasonable under the Fourth Amendment.

---

[4]We note that, contrary to the District Court's statement, Only's complaint did allege that his person was searched in addition to his briefcase.  See Complaint ¶ 12. However, both Cyr and Green averred that they did not physically search Only.  See Cyr Affidavit ¶ 10; Green Affidavit ¶ 9.  As Only neither responded to Defendants' affidavits with an affidavit of his own setting forth specific facts to counter Defendants' averments, nor provided a reason why he could not present such an affidavit, he has not demonstrated the existence of a genuine issue of material fact for trial.  See Fed. R. Civ. P. 56(e), (f); Fireman's Ins. Co. of Newark, N.J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982).

5

Cyr and Green were acting on information received from Robertson, which suffices as "reasonable suspicion" required for a stop under Terry. See Johnson v. Campbell, 332 F.3d 199, 206 (3d Cir. 2003) (officers may rely on a trustworthy second-hand report and need not base an investigatory stop on their own personal observation) (citing Adams v. Williams, 407 U.S. 143, 147 (1972)).

Only's remaining § 1983 claims assert violations of his First and Fourteenth Amendment rights. The District Court properly dismissed these claims, as Defendants' actions in investigating a possible theft did not interfere with Only's First Amendment right to "peacefully assemble," and a Fourteenth Amendment "right to privacy" claim is not applicable to the facts of this case. To the extent Only seeks to invoke the privacy right implied by Fourth Amendment protections, see Gillard v. Schmidt, 579 F.2d 825, 828 (3d Cir. 1978), we concur with the District Court that he is precluded from doing so by the invalidity of his Fourth Amendment claim.

As Only failed to provide any evidence of a conspiracy among Defendants to deprive him of his constitutional rights, the District Court properly granted summary judgment in favor of Defendants for the claims arising under §§ 1985(3) and 1986. In addition, as the record contains no evidence of intentional discrimination, we agree with the District Court's dismissal of Only's § 1981 claim against Robertson. Finally, we find no abuse of discretion in the District Court's decision not to exercise supplemental jurisdiction over Only's state law claims. We have considered Only's additional allegations of error and find them to be without merit and not worthy of further discussion. For the foregoing reasons, we will affirm the judgment of the District Court.

6