**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2448
_____

ROBERT WEAVER,

Appellant

v.

LAURA BEVERIDGE; BETTY WEAVER; JAMES REEDER

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D. C. No. 1-09-cv-02357)
District Judge:  Honorable Lawrence F. Stengel

_____

Submitted under Third Circuit LAR 34.1(a)
on March 7, 2014

Before: AMBRO, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed August 27, 2014)

O P I N I O N
_____

**ROTH**, <u>Circuit Judge</u>:

Robert Weaver appeals the District Court's April 18, 2013, order granting

summary judgment in favor of defendant Laura Beveridge.  We will affirm.

## I.    Background

On June 25, 2002, Loretta Nispel reported to the York City Police Department that she had been sexually assaulted by her stepbrother, plaintiff Robert Weaver, and her father, Robert Weaver, Sr.  Detective Laura Beveridge was assigned to investigate the case.

Nispel, who has developmental disabilities and has some difficulty communicating, alleged that the incident occurred in December 2001.  Beveridge first interviewed Nispel on July 16, 2002.  Nispel told Beveridge that she was with plaintiff, Weaver, Sr., and Weaver, Sr.'s, wife, Betty Weaver, at plaintiff's home.  Betty Weaver then left the residence for several hours.  Nispel alleged that the assault occurred while Betty Weaver was absent.

Beveridge's investigation included additional interviews with Nispel and other witnesses, including Betty Weaver; Steve Cochran, Nispel's then-boyfriend; and Eleanor Coxen, Nispel's mother.  During one interview, Beveridge drew some pictures to help Nispel identify where and how plaintiff and Weaver, Sr., touched and assaulted her.  Nispel also underwent a medical examination, but the examination, which occurred many months after the alleged incident, was inconclusive.

Assistant District Attorney (ADA) James Reeder was assigned to prosecute the case.  Plaintiff was tried in July 2003 and convicted of multiple charges.

Weaver filed three petitions under the Pennsylvania Post-Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*  His third petition under the PCRA was denied by the trial court, but granted on appeal by the Pennsylvania Superior Court on Weaver's

claim of ineffective assistance of counsel for his trial counsel's failure to call Betty Weaver and Lakeisha Weaver, plaintiff's daughter, as witnesses. The Commonwealth's appeal was denied by the Pennsylvania Supreme Court and the case was remanded for a new trial in February 2009.

On remand, the case was assigned to ADA Christopher Moore. Moore spoke with Nispel and her mental-health case worker and was informed that Nispel's life was improving. Weaver had served nearly six years in prison. Moore decided to file a *nolle prosequi* of the criminal charges for two reasons: he wanted to avoid putting Nispel through another trial and he thought Weaver was not likely to receive additional jail time if convicted. Weaver was released from York County Prison in February 2009.

On December 1, 2009, plaintiff brought various claims in the U.S. District Court for the Middle District of Pennsylvania against Beveridge, Reeder, and Betty Weaver. The only remaining claim[1] is against Beveridge for malicious prosecution under the Fourth Amendment brought under 42 U.S.C. § 1983. The District Court granted summary judgment for Beveridge because of Weaver's failure to meet the favorable termination requirement of a malicious prosecution claim. *Weaver v. Beveridge*, No. 09-2357, 2013 WL 1686630 (M.D. Pa. Apr. 18, 2013). Weaver appealed.[2]

---

[1] The claims against Reeder were dismissed pursuant to a motion to dismiss and were not appealed. The claims against Betty Weaver, who has died, were voluntarily dismissed.
[2] Weaver asserts in his notice of appeal that he is appealing from various orders entered in the District Court. However, the "argument" section of Weaver's opening brief challenges only the District Court's grant of summary judgment in favor of Beveridge. To the extent that Weaver purports to appeal from the other rulings, he runs afoul of Federal Rule of Appellate Procedure 28(a)(8)(A), which requires that the "argument" section of an appellant's brief contain "appellant's contentions and the reasons for them,

3

## II.    Discussion[3]

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law.  Fed. R. Civ. P. 56(a). Inferences drawn from the underlying facts must be viewed in the light most favorable to the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).  "We exercise *de novo* review of the district court's grant of summary judgment."  *Estate of Smith v. Marasco*, 318 F.3d 497, 505 (3d Cir. 2003).

A malicious prosecution action under section 1983, for violation of the Fourth Amendment, requires that (1) the defendant initiated a criminal proceeding, (2) the proceeding ended in plaintiff's favor, (3) the defendant initiated the proceeding without probable cause, (4) the defendant acted maliciously or for a purpose other than bringing the plaintiff to justice, and (5) the plaintiff suffered deprivation of liberty consistent with the concept of seizure as a consequence of the legal proceeding.  *Johnson v. Knorr*, 477 F.3d 77, 82–83 (3d Cir. 2007).  Failure to meet any element is fatal to the claim.  *Kossler v. Crisanti*, 564 F.3d 181, 186 (3d Cir. 2009) (en banc).

Assuming, *arguendo*, that Weaver can show a genuine issue of material fact on the other elements, the District Court held that his claim still failed because he did not

---

with citations to the authorities and parts of the record on which the appellant relies." Fed. R.A.P. 28(a)(8)(A); *see also* L.A.R. 28.3(a).  Therefore, Weaver has waived any claim of error with respect to those other rulings.  Weaver has similarly waived his proposed "Questions Presented" – *i.e.*, whether Weaver was denied procedural due process, access to the courts, or his right to confrontation – by failing to raise arguments related to those issues as well.
[3] The District Court had jurisdiction under 28 U.S.C. § 1331.  We have jurisdiction under 28 U.S.C. § 1291.

present any evidence that would meet the favorable termination requirement. To meet that requirement, "a prior criminal case must have been disposed of in a way that indicates the innocence of the accused." *Id.* at 187. The plaintiff's innocence may be shown if his criminal proceeding was terminated by a discharge by a magistrate at a preliminary hearing, the refusal of a grand jury to indict, the formal abandonment of the proceedings by the public prosecutor, the quashing of an indictment or information, an acquittal, or a final order in favor of the accused by a trial or appellate court. *Id.* A grant of *nolle prosequi* can be sufficient to satisfy the favorable termination requirement, but "not all cases where the prosecutor abandons criminal charges are considered to have terminated favorably." *Donahue v. Gavin*, 280 F.3d 371, 383 (3d Cir. 2002) (internal quotation marks omitted). Thus, a *nolle prosequi* indicates termination of the charges in favor of the accused "only when their final disposition is such as to indicate the innocence of the accused." *Id.* (internal quotation marks omitted).

The record shows that ADA Moore chose not to retry Weaver because he felt it was unlikely that Weaver would serve additional time and Moore did not want to make Nispel go through another trial. There is no evidence suggesting that the decision not to retry Weaver was taken because Weaver was believed to be innocent. This case is similar to *Donahue*, where the decision not to retry was based on the unlikelihood of additional jail time and preservation of prosecutorial resources without any indication that Donahue was thought to be innocent. *See id.* at 384. Weaver may not rely on his conclusory allegation, unsupported by any record evidence, that the grant of *nolle*

*prosequi* was because of his innocence. *See Fireman's Ins. Co. of Newark v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

For the foregoing reasons, the District Court did not err in granting summary judgment for defendant Beveridge. We will affirm the District Court's order.