BLD-170                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 22-1421
_____

WILLIAM SOLOMON LEWIS,
Appellant

v.

UNITED STATES OF AMERICA
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Civil Action No. 3:21-cv-00008)
District Judge:  Honorable Robert D. Mariani
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 9, 2022
Before:  MCKEE[1], GREENAWAY, JR., and PORTER, Circuit Judges

(Opinion filed: January 9, 2023)
_____

OPINION[*]
_____

PER CURIAM

---

[1] Judge McKee assumed senior status on October 21, 2022.
[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

William Lewis, proceeding pro se, appeals from the District Court's order granting summary judgment in favor of the United States. We will summarily affirm.

I.

On August 28, 2018, while Lewis was incarcerated at United States Penitentiary – Allenwood (USP Allenwood),[2] he was assaulted by another inmate wielding a razorblade and suffered injuries to his face. In January 2021,[3] he filed a complaint under the Federal Tort Claims Act (FTCA), 28 U.S.C. §§ 1346 and 2671, et seq., alleging that correctional officers at USP Allenwood were aware of the danger posed by the other inmate but did nothing to prevent the harm. Lewis sought $2,250 in compensatory damages.

The United States ("the Government") filed a motion for summary judgment on the basis that Lewis failed to submit a timely administrative tort claim as required under 28 U.S.C. §§ 2401(b) and 2675(a). Lewis maintained that he mailed his claim to the Northeast Regional Office on June 25, 2020, but never received a response. The District Court found that Lewis failed to prove timely exhaustion and granted summary judgment in favor of the Government. Lewis now appeals.

II.

---

[2] Lewis was released from federal custody in 2019 and is currently incarcerated at a county jail in Texas.

[3] Lewis commenced another action regarding the same incident on August 26, 2020, but it was dismissed without prejudice for lack of jurisdiction because he had not exhausted his administrative remedies. See Lewis v. United States, No. 3:20-CV-1720, 2020 WL 5656579 (M.D. Pa. Sept. 23, 2020)

We have jurisdiction pursuant to 28 U.S.C. § 1291 and review the grant of a motion for summary judgment de novo. See Dondero v. Lower Milford Twp., 5 F.4th 355, 358 (3d Cir. 2021). Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). As a pro se litigant, Lewis is entitled to liberal construction of his complaint. See Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). We may summarily affirm if the appeal fails to present a substantial question. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

III.

The FTCA allows claims to be brought against the Government for torts committed by federal employees, but certain statutory requirements apply. Relevant here, 28 U.S.C. § 2401(b) provides that, if a claim under the FTCA is not presented in writing to the appropriate federal agency "within two years after such claim accrues," it will be "forever barred."[4] See also 28 U.S.C. § 2675(a) (providing that a tort claim shall not be instituted against the United States unless the claimant first presents it to the appropriate federal agency and the claim is finally denied in writing). "[T]he requirement that the appropriate federal agency act on a claim before suit can be brought is

---

[4] Such claims accrue when a plaintiff knows of both the existence and the cause of his or her injury. Miller v. Philadelphia Geriatric Ctr., 463 F.3d 266, 271 (3d Cir. 2006).

3

jurisdictional and cannot be waived." Roma v. United States, 344 F.3d 352, 362 (3d Cir. 2003). As the party invoking the jurisdiction of the court, Lewis bears the burden of showing that his claims are properly before the court. Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc., 54 F.3d 156, 158 (3d Cir. 1995).

While Lewis alleged in his complaint that his claims were properly exhausted, the Government provided an affidavit and records from its computerized database to show that, despite having previously filed several timely administrative tort claims regarding different issues, Lewis failed to present a timely claim related to the August 28, 2018 incident. See ECF No. 17. The Government's affidavit reflects that the Bureau of Prisons' Central Office first received documents related to this claim on January 27, 2021. The Central Office forwarded the documents to the Northeast Regional Office, which received them on March 4, 2021. Regardless of which agency was the appropriate recipient, neither date falls within two years of the accrual of Lewis's claim.

Once the Government provided sufficient evidence in support of its motion, Lewis was required to supplement the record with specific facts demonstrating that there was a genuinely disputed factual issue. Fireman's Ins. Co. of Newark, N. J. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982). Lewis submitted a complaint and declaration, both dated August 26, 2020, as exhibits to his brief in opposition to the Government's motion for summary judgment. ECF No. 22, p. 5. In the complaint, Lewis stated that "all administrative remedies have been submitted to the Defendant prior to the filing of this lawsuit," and in the declaration, he attested, more specifically, that he "submitted an

4

administrative claim on this matter to the Northeast Regional Office for the Federal Bureau of Prisons by handing over to jail officials to mail with sufficient postage affixed by first-class mail on June 25, 2020, and no response has been forthcoming."

While the record reflects that Lewis signed multiple affidavits asserting that he handed an administrative tort claim over for mailing on June 25, 2020, these affidavits were insufficient to defeat summary judgment. Lewis never supplied copies of the documents he asserts were sent on June 25, 2020, nor did he provide any information about the contents of the documents, so there is nothing on the record regarding what specific claims he purportedly raised. He also did not present any evidence, such as an affidavit of the jail official to whom he handed the envelope or receipts showing the cost of postage deducted from his jail account, to support his contention that he submitted the claim in June 2020. Because Lewis's self-serving affidavits were essentially conclusory and did not set forth specific facts to prove timely exhaustion, the District Court properly granted summary judgment in favor of the Government.

IV.

Because no substantial question is presented by this appeal, we will summarily affirm the District Court's decision. See 3d Cir. LAR 27.4; I.O.P. 10.6.