

2005 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-9-2005

# Maclary v. Carroll

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-1975

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2005

Recommended Citation

"Maclary v. Carroll" (2005). *2005 Decisions*. Paper 718.
http://digitalcommons.law.villanova.edu/thirdcircuit_2005/718

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2005 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

APS-321

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 05-1975
_____

WILLIAM MACLARY,

Appellant

v.

WARDEN THOMAS CARROLL;
DEPUTY WARDEN LAWRENCE MCGUIGAN;
CAPTAIN DEAN SAGARS, Watch Commander;
JOHN DOE, Unknown Lieutenants;
SGT. WASHINGTON;
SGT. RILEY;
LT. HARVEY;
CPL. MERSON;
DEPUTY WARDEN E. BURRIS;
A. RENDINA

_____

On Appeal From the United States District Court
For the District of Delaware
(D.C. Civ. No. 03-cv-00984)
District Judge: Honorable Joseph J. Farnan, Jr.

_____

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B) or Summary Action
Under Third Circuit LAR 27.4 and I.O.P. 10.6
July 28, 2005

Before:  SLOVITER, FUENTES AND NYGAARD, <u>CIRCUIT</u> <u>JUDGES</u>

(Filed   August 9, 2005)

_____

OPINION

_____

PER CURIAM

William Maclary, a state prisoner, appeals from the order of the United States District Court for the District of Delaware granting summary judgment in favor of the defendants in his civil rights action. The parties are familiar with the facts, so we will only briefly summarize as follows. In October 2003, Maclary filed a civil rights complaint regarding the conditions of his fifteen-day confinement in the pre-hearing detention/isolation unit ("ISO"), stemming from an incident that occurred several weeks earlier, on September 13, 2003. Among other things, Maclary alleged that he was denied soap, dental hygiene items, and a change of clothing while in the ISO. He sought compensatory and punitive damages. Maclary later amended his complaint to include allegations that the prison had never replaced the clothing that had been taken from him when he was sent to the ISO, and that during October 2003, he made several unanswered requests for new clothes.

The defendants filed a motion to dismiss, or, in the alternative, for summary judgment, arguing that Maclary failed to exhaust his administrative remedies fully as required by 42 U.S.C. § 1997e(a), and also addressing the merits of the claims. Maclary filed a response, and the defendants filed a reply. Maclary then filed his own motion for summary judgment. The District Court granted the defendants' motion for summary

judgment, denied the defendants' motion to dismiss, denied Maclary's motion for summary judgment, and entered judgment in the defendants' favor. Maclary appeals. We have jurisdiction under 28 U.S.C. § 1291. The defendants-appellees have filed a motion for summary affirmance, to which Maclary has filed a response.

Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required before an action concerning prison conditions may be brought under federal law. 42 U.S.C. § 1997e(a); Spruill v. Gillis, 372 F.3d 218, 227 (3d Cir. 2004). In Spruill, we held that the PLRA required "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system. Spruill, 372 F.3d at 228, 231. If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted. Relevant to this case, the three-step grievance procedure in place in Delaware, Procedure No. 4.4 (1998), provides a three-part review. We briefly summarize that procedure. First, the prisoner must file a grievance within seven days with the Inmate Grievance Chair, for an attempt at informal resolution; second, if unresolved, the grievance is forwarded to the Resident Grievance Committee for a determination, which is forwarded in turn to the Warden; and third, the Bureau Grievance Officer conducts the final level of review.

After reviewing the record in this case, we agree with the District Court that Maclary did not meet his burden to defeat summary judgment with respect to his claims relating to his confinement in the ISO. In their motion for summary judgment, the defendants presented the affidavit of the Inmate Grievance Chairperson, who stated that

Maclary filed no grievances concerning the conditions of his confinement in the ISO, and that the only grievance that Maclary filed during the relevant period concerned the removal of clothing, a towel, and a washcloth from his personal property while he was confined in the ISO. In response, Maclary alleged that he filed unanswered and unprocessed grievances and letters to prison officials on the matter, but he did not offer any support for those bare assertions. Consequently, his opposition to the defendants' summary judgment motion did not create a genuine issue for trial. See Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (Fed. R. Civ. P. 56(e) does not allow a party opposing summary judgment to rely merely upon bare assertions, conclusory allegations, or suspicions). Maclary contends on appeal that summary judgment was improperly granted because the District Court did not tell him to proffer evidence that he attempted to exhaust his administrative remedies. We note that the nature of Maclary's burden in responding to the defendants' summary judgment motion is clearly contained in the federal rule governing summary judgment. See Fed. R. Civ. P. 56(e) (when a summary judgment motion is made and supported by affidavits or other proof, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial").

As for Maclary's claim presented in his amended complaint that his requests for new clothes went unanswered, the defendants conceded in their summary judgment motion that Maclary did file a grievance on October 6, 2003 concerning this issue. The

defendants' exhibits attached to the summary judgment motion also included the affidavit of the Correctional Sergeant who processed the inmates' written clothing requests. In the affidavit, the Correctional Sergeant stated that her records do not contain any written requests by Maclary. However, a property requisition–also attached to the summary judgment motion–shows that Maclary accepted the requested items some months later. Although the substance of Maclary's request apparently has been resolved, it is unclear what happened in the processing of Maclary's grievance. Assuming *arguendo* that the formal grievance procedures were not "available" within the meaning of section 1997e(a), see Brown v. Croak, 312 F.3d 109, 113 (3d Cir. 2002), we conclude that Maclary does not allege an "extreme deprivation[] . . . required to make out a conditions-of-confinement claim," see Hudson v. McMillian, 503 U.S. 1, 9 (1992), and cannot show that the defendants acted with deliberate indifference to his health or safety, see Farmer v. Brennan, 511 U.S. 825, 834 (1994).

We have carefully reviewed the record and have considered the arguments presented on appeal.[1] As no substantial question is presented by this appeal, we will grant the appellees' motion and summarily affirm the District Court's order entered . See 3d Cir. I.O.P. 10.6.

---

[1] In his response to the motion for summary affirmance, Maclary notes that he filed in District Court a motion for the production of documents, which was unanswered by the defendants. This motion appears in the record as a request made under Rule 34, Federal Rules of Civil Procedure. We observe that the parties had not yet entered into discovery. See Fed. R. Civ. P. 34(b), 26(d). We also observe that the motion was not made pursuant to Rule 56(f) in form or in content.