

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-8-2006

# Smith v. Vidonish

Precedential or Non-Precedential: Non-Precedential

Docket No. 04-4131

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Smith v. Vidonish" (2006). *2006 Decisions.* Paper 229.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/229

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 04-4131
_____

CARL M. SMITH,

Appellant

v.

PETER VIDONISH, Unit Manager; PAUL J. STOWITZSKY, Deputy
Super; DEAN GEEHRING, Mail Room Supervisor; JEAN W. SCOTT,
Business Manager; CONNER BLAINE, JR., Superintendent; ROBERT
S. BITNER, Chief Hearing Examiner; MORRIS HARPER, Doctor;
STANLEY FALOR, Doctor; LINDA ENYEART, EMSA Administrator;
CHARLES ROSSI, Health Care Administrator; JOHN J. MILLER,
MAJOR, Deputy Superintendent; SHARON L. D'ELETTO, Grievance
Coordinator; GABRIELLA CONGELIO, Parole Agent; RAMMONA
KULAT, Commissary; WILLIAM STICKMAN; MAILROOM INSPECTOR 1;
MAILROOM INSPECTOR 2; MAILROOM INSPECTOR 3; MAILROOM
INSPECTOR 4; MAILROOM INSPECTOR 5; BRIAN HYDE; PRAFUL
VORA; (RN) HIGH; LEGGETT, Corrections Officer; HOLLINGSWORTH,
Corrections Officer; THOMAS L. JAMES, Chief Grievance
Coordinator; JEAN N. SCOTT, Business Manager; JEFFREY A.
BEARD, Secretary
_____

On Appeal From the United States District Court
For the Western District of Pennsylvania
(D.C. Civ. No. 01-cv-02039)
District Judge: Honorable Maurice B. Cohill, Jr.
_____

June 22, 2006
Submitted Under Third Circuit LAR 34.1(a)

BEFORE: McKEE, FUENTES and NYGAARD, <u>CIRCUIT JUDGES</u>

_____

OPINION

_____

PER CURIAM

Carl M. Smith appeals from the order of the United States District Court for the Western District of Pennsylvania granting summary judgment in favor of the defendants. Smith also appeals the orders denying his motions to disqualify the Magistrate Judge assigned to his case. We will affirm.

I.     Relevant History

Because the parties are familiar with this case's history, we will not recount the background at length. Smith, a state prisoner, filed a *pro se* civil rights action regarding events while he was incarcerated at SCI-Greene (Waynesburg, Pennsylvania). In his amended complaint, Smith alleged that he was denied adequate medical care for his cardiac condition, and that the defendants' conduct displays deliberate indifference to his serious medical need, in violation of the Eighth Amendment. Smith also alleged numerous other claims, including that the defendants (1) placed him in administrative custody in retaliation for the filing of a previous lawsuit and for complaints he made about prison conditions at SCI-Pittsburgh; (2) subjected him to harassing cell searches and made an unfavorable parole recommendation; (3) confiscated his legal mail and failed to investigate his complaint regarding interference with his mail; (4) unlawfully forced him to pay for razors at the commissary; and (5) failed to handle his medical

complaints and other grievances properly. Smith sought declaratory, injunctive, and damages relief.

During the proceedings, Smith filed motions to disqualify the Magistrate Judge assigned to the case. The Magistrate Judge denied the motion, and the District Court also denied relief. The defendants filed motions to dismiss or, in the alternative, for summary judgment. Smith filed responses. The Magistrate Judge recommended that summary judgment be granted, concluding that Smith failed as a matter of law to demonstrate an Eighth Amendment violation on his medical claims, and that Smith failed to exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a), on his remaining claims. Smith filed his objections to the report and recommendation.[1] The District Court adopted the report and recommendation and granted the motions for summary judgment.[2] Smith appeals. We have jurisdiction under 28 U.S.C. § 1291.

II.     Motions to Disqualify the Magistrate Judge

---

[1] In his brief, Smith alleges that he was deprived of his constitutional right of access to the courts, contending that the Clerk of the District Court refused to file or docket his responses to the motions for summary judgment and objections to the Magistrate Judge's report and recommendation. He further alleges that the Clerk arbitrarily disposed of his legal materials as part of a cover-up and conspiracy. Now, on appeal, Smith seeks to amend his complaint to add the Clerk as a defendant and add this new claim. Aside from the principle that this new claim is not properly before this Court on appeal, we note that Smith's responses to the motions for summary judgment and objections to the report and recommendation appear on the docket and were duly filed on August 9, 2004 and September 22, 2004.

[2] The Magistrate Judge also recommended dismissal of unserved defendants, and the District Court dismissed those defendants for lack of service. Smith does not challenge this aspect of the District Court's order.

3

Smith contends that the District Court erred in failing to disqualify the Magistrate Judge. We review decisions not to recuse, under either 28 U.S.C. § 144 or § 455, for an abuse of discretion. See Jones v. Pittsburgh Nat'l. Corp., 899 F.2d 1350, 1356 (3d Cir. 1990). Under section 144, a judge must recuse if a party files a "sufficient affidavit" establishing that the judge has a personal bias or prejudice against the party seeking recusal, or in favor of the adverse party. 28 U.S.C. § 144. Under section 455, a judge must recuse where the judge's impartiality "might reasonably be questioned," or where the judge has "a personal bias or prejudice concerning a party." 28 U.S.C. § 455(a), (b)(1).

Smith contends that the Magistrate Judge was biased against him for assorted reasons. Chiefly, Smith's argument is based on his belief that the Magistrate Judge's brother has a law practice with defendant Falor's brother. Smith also asserts that the judge exhibited bias in a March 2003 administrative order requiring him to submit fourteen copies of the complaint, when he had already provided the copies when submitting his complaint in 2001.[3] We are unpersuaded by these arguments. First, Smith's assertions regarding an alleged personal connection between the Magistrate Judge and defendant Falor were devoid of detail and stated in conclusory fashion. Smith's bare allegations in support of his recusal motion rested on the similarly bare

---

[3] Smith initially attempted to file his complaint with in forma pauperis status, but in forma pauperis status was denied because he had already incurred "three strikes." See 28 U.S.C. § 1915(g). After an unsuccessful appeal on that issue, Smith paid the filing fee. The Magistrate Judge then issued the order requiring the additional photocopies.

4

allegation that a fellow inmate, Michael Malik Allah, told him about the recusal issue. Citing section 144 and United States v. Vespe, 868 F.2d 1328 (3d Cir. 1989), Smith appears to argue that the factual allegations in his declaration submitted in support of his first recusal motion must be accepted as true. However, section 144 requires a "sufficient" affidavit, and conclusory statements need not be credited. 28 U.S.C. § 144; Vespe, 868 F.2d at 1340. Neither the bald allegations regarding "the brothers" nor the Magistrate Judge's order regarding photocopies supports a "bent of mind that may prevent or impede impartiality of judgment," United States v. Vespe, 868 F.2d 1328, 1340 (3d Cir. 1989) (discussing section 144), or a finding of personal bias or prejudice, Edelstein v. Wilentz, 812 F.2d 128, 130-31 (3d Cir. 1987) (discussing section 455(b)(1)). We find nothing in the record that suggests "a deep-seated and unequivocal antagonism" by the Magistrate Judge that would preclude fair judgment. Liteky v. United States, 510 U.S. 540, 556 (1994) (trial administration efforts did not constitute sufficient grounds for recusal). Nor do we perceive any facts from which a reasonable person would conclude that the impartiality of the Magistrate Judge might reasonably be questioned. See 28 U.S.C. § 455(a); Edelstein, 812 F.2d at 131. We discern no abuse of discretion in the denial of Smith's recusal motions.

III.    Motions for Summary Judgment

We exercise plenary review over a District Court's grant of summary judgment and apply the same test applied by the District Court. Saldana v. Kmart Corp., 260 F.3d 228, 231 (3d Cir. 2001). Summary judgment is proper when, viewing the evidence in the

light most favorable to the nonmovant, there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Id. at 232; Fed. R. Civ. P. 56(c). If the moving party meets the initial burden of establishing that there is no genuine issue, the burden shifts to the nonmoving party to produce evidence of a genuine issue for trial. Specifically, the party opposing summary judgment "may not rest upon the mere allegations or denials of the . . . pleading"; the party's response, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." Saldana, 260 F.3d at 232 (citing Fed. R. Civ. P. 56(e); Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986)). See also Fireman's Ins. Co. v. DuFresne, 676 F.2d 965, 969 (3d Cir. 1982) (Fed. R. Civ. P. 56(e) does not allow a party opposing summary judgment to rely merely upon bare assertions, conclusory allegations, or suspicions).

### A. Smith's Medical Claims

To prevail on an Eighth Amendment claim based on medical treatment while in prison, a prisoner must show that prison officials were deliberately indifferent to his or her serious medical needs. Estelle v. Gamble, 429 U.S. 97, 104 (1976). The alleged violation must be beyond mere negligence. Durmer v. O'Carroll, 991 F.2d 64, 67 (3d Cir. 1993). Smith's arguments focus upon whether the conduct of the defendants amounted to deliberate indifference. We have found deliberate indifference where a prison official: (1) knows of a prisoner's need for medical treatment but intentionally refuses to provide it; (2) delays necessary medical treatment for non-medical reasons; or (3) prevents a

6

prisoner from receiving needed or recommended treatment. <u>See</u> <u>Rouse v. Plantier</u>, 182 F.3d 192, 197 (3d Cir. 1999).

The prison medical director's affidavit in support of summary judgment summarizes the care administered to Smith for his cardiac conditions. For example, Smith was examined during a multitude of sick call visits in the prison medical department and was referred to a cardiologist at the hospital. He also received medications and extensive medical testing, including twenty-four EKGs, a Holter monitor, stress testing, chest x-rays, and other imaging tests. Some of the testing yielded abnormal results, to which the medical defendants responded with follow-up care but concluded that no serious problem exists. We agree with the District Court that the abundant and responsive medical care provided by the defendants belies Smith's assertions that the defendants acted with deliberate indifference. That Smith is not satisfied with his cardiac care does not suffice for stating a claim of deliberate indifference, even if he believes the treatment may be negligent. <u>See</u> <u>Estelle</u>, 429 U.S. at 105-07.

### B.     <u>Smith's Non-Medical Claims</u>

Lastly, we consider Smith's remaining non-medical claims determined to be administratively unexhausted. Under the Prison Litigation Reform Act ("PLRA"), exhaustion of administrative remedies is required for all actions concerning prison conditions brought under federal law. 42 U.S.C. § 1997e(a); <u>Spruill v. Gillis</u>, 372 F.3d

7

218, 227 (3d Cir. 2004). In <u>Spruill</u>, we held that the PLRA required "proper" exhaustion, meaning that the inmate must follow the procedural requirements of the prison grievance system. <u>Spruill</u>, 372 F.3d at 228, 231. If the prisoner fails to follow the procedural requirements, then his claims are procedurally defaulted. The prison grievance procedure in this case, known as DC-ADM 804, provides a three-part review: (1) the prisoner must file a grievance within fifteen days with the grievance coordinator; (2) the prisoner may appeal to the facility manager within five days of receipt of the initial review; and(3) the prisoner may appeal to the Central Office Review Committee.

In Smith's case, the defendants submitted an affidavit by the prison grievance coordinator stating that Smith only filed two grievances, Nos. GRN-1163-2000 and GRN-0834-2001, regarding non-medical prison conditions during the relevant period. Smith concedes that he did not fully exhaust his grievance in GRN-1163-2000. He does not argue that he pursued any other grievances. He also appears to concede that he did not complete all levels of the grievance process regarding GRN-0834-2001. Instead, Smith asserts that he was prevented from exhausting his claims presented in GRN-0834-2001 when the grievance was rejected from consideration by the prison. Smith cites <u>Brown v. Croak</u>, 312 F.3d 109 (3d Cir. 2002), and appears to argue that he could not exhaust his claims presented in GRN-0834-2001 because the grievance procedures were not "available" within the meaning of section 1997e(a)). We are unpersuaded. Unlike in <u>Brown</u>, Smith was not instructed by prison authorities not to file his grievance. Rather,

8

Smith filed his grievance and obtained a rejection for non-compliance with DC-ADM 804, with the instruction to submit an edited grievance if he believed the rejection was in error. We find no error in the District Court's conclusion that Smith's remaining claims are administratively unexhausted.

IV.    Conclusion

We have considered all of the arguments raised in Smith's briefs and find them to be without merit. To the extent that Smith attempts to raise new claims for relief against the defendants and against others who are not parties to this matter, we will not address them, as they are not properly before us. We will affirm the District Court's judgment.