**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 15-2061
_____

KATHLEEN M. WILLIAMS,

Appellant

v.

WELLS FARGO BANK

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D. C. Civil Action No. 5-14-cv-02345)
District Judge:  Honorable Edward G. Smith

_____

Submitted under Third Circuit LAR 34.1(a)
on April 29, 2016

Before: MCKEE, Chief Judge, JORDAN and ROTH, <u>Circuit Judges</u>

(Opinion filed: August 10, 2016)

_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

ROTH, <u>Circuit Judge</u>

Kathleen Williams appeals the District Court's grant of summary judgment dismissing her Age Discrimination in Employment Act (ADEA) case against her former employer, Wells Fargo. Williams has failed to set out a *prima facie* case of age discrimination. Consequently, we will affirm the judgment of the District Court.

**I.**

In December 2012, Williams was a 54-year-old bank teller employed by a Wells Fargo Bank branch in Coopersburg, Pennsylvania. Williams had worked as a bank teller for Wells Fargo and its predecessors since 1983. As part of Williams's job responsibilities, she was expected to look for new customers and make referrals to the bank in order to generate new business. Williams's sister, Phyllis Titus, was widowed, and Williams and her mother worried about Titus's financial welfare. According to Williams, her mother was interested in creating a trust for Titus, and she asked Williams to look into whether Wells Fargo offered any such products. To this end, Williams began making relevant inquiries, allegedly with Titus's knowledge and consent.

According to Wells Fargo, Titus visited a local Wells Fargo branch and reported concerns that Williams had made strange comments to Titus about her accounts. Wells Fargo opened an investigation and determined that between August and November 2012, Williams had accessed Titus's checking and credit card accounts 27 times. Although a Wells Fargo investigator found no evidence of fraudulent activity, Williams's District Manager, Marla Walczak, and her Employee Relations Consultant, John Follette, were

notified about the activity on Titus's accounts. Walczak and Follette reviewed the matter to determine whether Williams had violated the Wells Fargo Code of Ethics and Business Conduct, which prohibits Wells Fargo employees from accessing confidential information without a business purpose. Walczak and Follette determined that Williams's explanation did not justify the number of times she accessed Titus's accounts, stating that Williams would not have needed to access Titus's accounts more than once in order to help her mother open a trust account or to determine Titus's eligibility for other Wells Fargo products. Furthermore, Wells Fargo's policies require that a potential customer be entered as a referral into the Wells Fargo teller system as soon as a teller has gained consent from the client for the referral. Despite her repeated access of Titus's accounts, Williams did not enter any referrals for Titus into the Wells Fargo teller system. Thus, Walczak and Follette concluded that Williams's conduct violated Wells Fargo procedures and decided to terminate Williams's employment.

Williams brought suit against Wells Fargo in the United States District Court for the Eastern District of Pennsylvania, alleging age discrimination in violation of the ADEA.[1] Wells Fargo moved for summary judgment, claiming that Williams had failed to set out a *prima facie* case of age discrimination. The District Court granted summary judgment, finding that "[c]onfronted with the plaintiff's version in this matter, no reasonable jury could infer that the defendant had discriminated against her." Williams now appeals.

---

[1] 29 U.S.C. § 621 *et seq.*

## II.[2]

The ADEA prohibits employers from discriminating against individuals on the basis of age.[3]  In the absence of direct evidence of discrimination, as here, a plaintiff may prove age discrimination according to the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*.[4]  Under this framework, the plaintiff bears the initial burden of establishing a *prima facie* case of unlawful discrimination.[5]  In order to set out a *prima facie* case of discrimination under the ADEA, Williams must show that she (1) was a member of a protected class, (2) was qualified for the position she held, (3) suffered an adverse employment action, and (4) was replaced by a sufficiently younger person so as to create an inference of age discrimination.[6]

It is undisputed that Williams has met her burden with respect to the first three requirements.[7]  Thus, we confine our initial inquiry to the question of whether Williams

---

[2] The District Court exercised jurisdiction over this matter pursuant to 28 U.S.C. § 1331 and the Age Discrimination in Employment Act.  We have appellate jurisdiction under 28 U.S.C. § 1291.  We exercise plenary review over the District Court's decision to grant summary judgment.  *Gardner v. State Farm Fire & Cas. Co.*, 544 F.3d 553, 557 (3d Cir. 2008).  Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The court must view any evidence in favor of the nonmoving party and extend any reasonable favorable inferences to that party.  *Scott v. Harris*, 550 U.S. 372, 378 (2007).

[3] 29 U.S.C. § 623(a).

[4] 411 U.S. 792, 802-03 (1973); *see Keller v. Orix Credit Alliance, Inc.*, 130 F.3d 1101, 1108 (3d Cir. 1997).

[5] *Smith v. City of Allentown*, 589 F.3d 684, 689-91 (3d Cir. 2009).

[6] *Id.* at 689-90.

[7] Any person over the age of 40 is a member of a protected class for the purposes of the ADEA, and Williams was 54 years old at the time she was fired.  Wells Fargo does not dispute that Williams was qualified for the position, or that she suffered an adverse employment action.

was replaced by a sufficiently younger employee. Williams alleges that she was replaced by two younger employees: Pamela Englert and Jennifer Kucheruck, who were ages 29 and 31, respectively, at the time Williams was terminated. The District Court found that Williams's assertions were wholly unsupported by record evidence, relying entirely upon Williams's own affidavit. The affidavit states, in relevant part, "immediately prior to my firing, two young tellers were [h]ired in anticipation of my termination [Pamela Englert born 1983 and hired November 6, 2012 and Jennifer Kucheruck born 1981 and hired November 6, 2012]."

While on summary judgment, the court does examine all evidence in the light most favorable to the non-moving party, the non-moving party "cannot rely on unsupported allegations, but must go beyond pleadings and provide some evidence that would show that there exists a genuine issue for trial."[8] Bare assertions, conclusory allegations, or suspicions are insufficient to defeat summary judgment.[9] There is ample evidence provided by Wells Fargo that Englert and Kucheruck were hired more than a month before Williams was terminated in order to fill vacancies created by the departure of other Wells Fargo tellers in May and August – not to replace Williams. Wells Fargo has provided further evidence that Williams was replaced by Judith Griffiths, who was 54 years old at the time of hiring. Thus, Williams has failed to provide sufficient evidence that she was replaced by a sufficiently younger person so as to create an inference of age discrimination.

---

[8] *Jones v. United Parcel Serv.*, 214 F.3d 402, 407 (3d Cir. 2000).
[9] *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

Furthermore, even assuming *arguendo* that Williams has met her burden of setting out a *prima facie* case of age discrimination, Wells Fargo has asserted a non-discriminatory reason for firing her: she violated their Code of Ethics. Where, as here, an employer has articulated a legitimate, non-discriminatory reason for its adverse action, the burden returns to the plaintiff to present evidence that the reason provided by the employer is pretextual.[10] Such evidence must allow a factfinder to reasonably infer that the defendant's proffered non-discriminatory reason was "either a *post hoc* fabrication or otherwise did not actually motivate the employment action."[11] While Williams did present evidence that she was acting with Titus's permission, Williams is unable to dispute Wells Fargo's finding that her actions violated prescribed business procedures. Therefore, Williams has failed to demonstrate that Wells Fargo's alleged rationale in firing her was pretextual, and summary judgment was properly granted for Wells Fargo.

**III.**

For the foregoing reasons we will affirm the judgment of the District Court.

---

[10] *Smith*, 589 F.3d at 690.

[11] *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005).