

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

3-11-2008

# Hogan v. Haddon

Precedential or Non-Precedential: Non-Precedential

Docket No. 07-1039

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"Hogan v. Haddon" (2008). *2008 Decisions.* Paper 1461.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1461

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 07-1039
_____

KATHY HOGAN,

Appellant

v.

TOWNSHIP OF HADDON, WILLIAM PARK, and DAVID CUNEO

_____

On Appeal from the United States
District Court of New Jersey
(D.C. No.  04-cv-02036)
District Judge: Honorable Jerome B. Simandle

_____

Argued January 7, 2008

Before: FUENTES, JORDAN, <u>Circuit Judges</u> and O'Neill, <u>District Judge</u><sup>*</sup>

(Filed:   March 11, 2008)

F. Michael Daily, Jr. (Argued)
216 Haddon Avenue, Suite 100
Sentry Office Plaza
Westmont, NJ 08108

   *Counsel for Appellant*

_____

* Honorable Thomas O'Neill, District Judge, United States District Court for the
Eastern District of Pennsylvania, sitting by designation.

Robert A. Baxter (Argued)
Kelley, Wardell, Craig, Annin & Baxter
41 Grove Street
Haddonfield, NJ 08033

    *Counsel for Appellee Township of Haddon*

Louis R. Moffa, Jr. (Argued)
Ballard, Sphar, Andrews & Ingersoll
Main Street
Plaza 1000, Suite 500
Voorhees, NJ 08043

    *Counsel for Appellee William Park*

_____

OPINION OF THE COURT
_____

O'NEILL, District Court Judge

    Kathy Hogan appeals from the December 1, 2006 final judgment of the District Court in favor of the Township of Haddon and William Park. The District Court entered summary judgment against Hogan on her First Amendment and retaliation claims. Jurisdiction in the District Court was predicated on 28 U.S.C. § 1331 and we have jurisdiction pursuant to 28 U.S.C. § 1291. We will affirm the judgment of the District Court.

I.

    This is a dispute over whether appellees violated Hogan's First Amendment right to, and retaliated against her for the exercise of, free speech. Hogan was elected as a

Commissioner of Haddon Township in May 2003. The Township has a three Commissioner form of government which functions in accordance with the Walsh Act, N.J.S.A. 40:72-1. After the election the Commissioners selected Park to act as Mayor of the Township. The Mayor has general supervisory powers and chairs the public meetings of the Board of Commissioners. Park held the position of Mayor for over 18 years.

Shortly after she was elected Commissioner, Hogan moved for a vote for the Township to provide health insurance to her. At the time of her request, the Township did not provide the Commissioners with health insurance and neither of the remaining Commissioners seconded her motion. Hogan expressed her frustration with their decision. She indicated that the Commissioners' failure to second her motion would negatively impact their working relationship with her.

At the time Hogan was elected Commissioner the Township issued a publication entitled the "Monthly Monitor." The Township's Mayor, Chief of Police, and Public Works Director had bylines in the Monitor. The Township also had a website and cable channel. Commissioner Hogan submitted an article which was published in the June 2003 Monitor under the byline of Commissioner's Report. Hogan subsequently submitted additional articles, some of which were rejected because they were too lengthy and others which were published without the byline or credit to her as the author.

Hogan also requested that certain information be included on the Township's website and cable channel. She wished to have items such as minutes of Township

meetings, voter registration information, the municipal code, and a proposed contract for the construction of athletic fields included on the website. Hogan's requests were denied. In addition, although Mayor Park was the only Commissioner with a personal office and telephone line, Hogan demanded a personal telephone shortly after taking office. She was provided with a personal telephone within two weeks of her request.

Hogan also made numerous requests for access to Mayor Park's official appointment schedule and to the personnel files of Township employees whose qualifications she questioned. Her requests were initially denied. She was subsequently provided with the resumes and other selected information from the requested personnel files. Due to the harassing manner in which she repeatedly made requests to Mayor Park's assistant, the assistant filed an internal complaint against her. Hogan also publicly criticized Township employees. Those employees filed lawsuits against her. Hogan often criticized the Township's administration, called the other Commissioners corrupt, and handed out pamphlets she authored during public meetings.

Hogan filed a complaint against the Township, Mayor Park, and Commissioner David Cuneo in the District Court of New Jersey in April 2004. She subsequently stipulated to the dismissal with prejudice of all claims against Cuneo. In her complaint, Hogan alleged that appellees: (1) violated her First Amendment rights to free speech; (2) violated her Fifth and Fourteenth Amendment rights to due process and equal protection; and, (3) violated her rights to free speech, due process and equal protection under the

New Jersey Constitution. Appellees moved for summary judgment. On December 1, 2006 the District Court granted summary judgment in appellees' favor and held that Hogan did not have any First Amendment rights to publish articles in the Monitor nor to post information on the Township's website or cable channel because her submissions were made in her capacity as a Township Commissioner. The District Court also held that because the Monitor, website, and cable channel were not public or limited public fora Hogan did not have a First Amendment right to publish or post thereon. The District Court further held that Hogan did not have a First Amendment right to access Mayor Park's appointment calendar nor to access the personnel files of Township employees. The District Court also held that Mayor Park was entitled to both legislative and qualified immunity, and that neither the Township nor Mayor Park retaliated against Hogan for exercising her First Amendment rights.

## II.

Hogan raises several arguments on appeal. Her arguments fall into four categories. First, she argues that appellees acted as censors and prevented her from publishing articles in the Monitor and also prevented her from communicating with the public through the Township's website and cable channel. Second, she maintains that the Supreme Court's decision in Garcetti v. Caballos, ___ U.S. ___, 126 S. Ct. 1951 (2006) is not controlling in this matter because it is limited to cases involving subordinate

5

government employees as opposed to elected officials. Third, she claims that a component of the First Amendment is a right to access the personnel files of Township employees and a right to access Mayor Park's official appointment schedule. She claims that appellees violated the purported right by preventing her access thereto. With respect to this claim, Hogan concludes that appellees retaliated against her for exercising her First Amendment rights by directing Township employees to file complaints and lawsuits against her. Fourth, Hogan argues that Commissioner Park is not entitled to either legislative or qualified immunity. We address each argument in turn.

III.

We exercise plenary review over the district court's grant of summary judgment, construing the facts in the light most favorable to the nonmoving party. Moore v. City of Philadelphia, 461 F.3d 331, 340 (3d Cir. 2006). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). Where the nonmoving party has the burden of proof, the moving party may prevail by demonstrating that "the nonmoving party has failed to make a sufficient showing of an essential element of her case." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). The nonmoving party may not rely upon bare assertions or conclusory allegations, but must adduce evidence establishing that there is a genuine factual dispute for trial. Fireman's Ins. Co. v. DuFresne, 676 F.2d 965,

969 (3d Cir. 1982). We may affirm the district court's grant of summary judgment on any ground supported by the record. Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

Hogan claims that she had a First Amendment right to publish articles in the Monitor and to post on the Township's website and cable channel. Based on our review of the record we find that there is no First Amendment protection that attaches to the articles that Hogan submitted for publication in the Monitor, to her desired use of the Township's cable channel or to her requests to have information published on the Township's website. As the District Court correctly noted, and the parties do not dispute, the Monitor, as well as the cable channel and the website, are local government-owned and sponsored, and as such are not public or limited public forums. Thus, Hogan had no constitutional right to publish material in the newsletter or to post on the Township's website and cable channel.[1]

Second, Hogan has failed to present evidence that the articles Hogan submitted for publication in the Monthly Monitor that were allegedly "pulled" by Park were withheld from publication because of the viewpoint expressed therein. Indeed, the three articles - one requesting volunteers from the senior citizen community to start a program teaching

---

[1] Hogan has also argued that the District Court improperly applied the Supreme Court's precedent in Garcetti v. Ceballos, __ U.S. __, 125 S. Ct. 1951 (2006). However, because we conclude that Hogan's First Amendment rights were not violated, we need not reach her Garcetti arguments.

7

seniors about computers, another requesting volunteers for a grant task force, and a third conveying Hogan's experience assisting producers from The Oprah Winfrey Show with their work in the Township - cannot be said to portray Hogan's viewpoint. Similarly, Hogan presents no evidence that the articles which were published and not attributed to Hogan were done so because of any viewpoint expressed. See Monteiro v. City of Elizabeth, 436 F.3d 397, 406 (3d Cir. 2006).

Assuming *arguendo*, that Hogan had a First Amendment right to have her articles published in the Monitor, we find her claims of a violation wholly unsubstantiated given the fact that multiple articles she drafted were in fact published in the Monitor and she expressed her views through various mediums including, but not limited to, speaking at meetings, distributing pamphlets and writing letters to the editors of the local newspaper which were published. Therefore, the District Court's grant of summary judgment was proper and we will affirm it's decision.

IV.

Hogan next argues that she had a First Amendment right to access Mayor Park's official appointment schedule and to access the contents of Township employees' personnel files. Hogan does not cite any authority to support her arguments. The cases she cites stand for the proposition that the public has First Amendment rights to access government functions, administrative proceedings, trials and meetings. See generally,

8

<u>Richmond Newspaper, Inc. v. Virginia</u>, 448 U.S. 555, 575 (1980). No authority supports Hogan's assertion that it is only logical that as a Commissioner she had a First Amendment right to access Mayor Park's official's appointment schedule and the personnel files of Township employees. Therefore, the District Court did not err in determining that Hogan did not have a First Amendment right thereto. We will affirm the District Court's grant of summary judgment on this issue.

V.

Hogan next argues that appellees retaliated against her for publicly criticizing Township employees. She maintains that appellees retaliated against her by encouraging the subject employees to file formal complaints and lawsuits against her. Hogan also claims that the Township Solicitor retaliated against her by warning that she could be the subject of law suits for harassment.

It is clear that "[a] public employee has a constitutional right to speak on matters of public concern without fear of retaliation." <u>McKee v. Hart</u>, 436 F.3d 165, 169 -170 (3d Cir. 2006)(quoting <u>Brennan v. Norton</u>, 350 F.3d 399, 412 (3d Cir. 2003)). Therefore, a public employee may claim that her First Amendment rights were violated by retaliatory harassment for the employee's speech. <u>McKee</u>, 436 F.3d at 170. Constitutional retaliation claims are analyzed under a three-part test. <u>Eichenlaub v. Township of Indiana</u>, 385 F.3d 274, 282 (3d Cir. 2004). In order to prove retaliation Hogan must

demonstrate: (1) that she engaged in constitutionally-protected activity; (2) that the Township responded with retaliation; and (3) that the protected activity caused the retaliation. Id. (citing Anderson v. Davila, 125 F.3d 148, 161 (3d Cir. 1997)).

A First Amendment right exists when the alleged retaliatory conduct was sufficient ". . . to deter a person of ordinary firmness from exercising her First Amendment rights." McKee, 436 F.3d at 170 (quoting Suppan v. Dadonna, 203 F.3d 228, 234-35 (3d Cir. 2000). The effect of the alleged conduct on the employee's freedom of speech "need not be great in order to be actionable " but it must be more than de minimis. Id. (quoting Bart v. Telford, 677 F.2d 622, 625 (7th Cir.1982)).

Although Hogan may have had a First Amendment right to publicly criticize Township employees, on summary judgment she failed to produce any evidence that appellees responded with retaliation. Hogan spoke at length during meetings, publicly criticized Township employees, and distributed pamphlets. Moreover, she was provided with the resumes and other personnel data regarding the Township employees she criticized. There is no evidence that the internal complaint and law suits filed against her by Township employees were filed at Mayor Park's direction. Hogan did not satisfy her burden of production on summary judgment. Therefore, her retaliation claims were properly dismissed by the District Court.

Hogan's final claim for retaliation is based on Mayor Park's conduct on March 24,

10

2004. The record reflects that Mayor Park elbowed her after she criticized the manner in which he spoke to a Township private citizen. While Park's action may have been untoward it was not sufficient to deter a person of ordinary firmness from exercising her First Amendment rights. In fact, Hogan spoke often, freely, and critically on numerous occasions after the elbowing incident. Again, Hogan failed to satisfy her evidentiary burden. The District Court properly dismissed this claim and we will affirm the District Court on this issue.

VI.

Hogan's final arguments are that Mayor Park is not entitled to either legislative or qualified immunity. With respect to legislative immunity she asserts that the Township is liable for Mayor Park's actions because he was a decision maker who possessed final, unreviewable authority. With respect to qualified immunity, Hogan maintains that Mayor Park discriminated against her based on the viewpoints she expressed and that as a reasonable public official he should have known that his actions were unconstitutional.

Municipal legislators enjoy absolute immunity from suit and liability under 42 U.S.C. § 1983 for their legislative activities. Bogan v. Scott-Harris, 523 U.S. 44, 118 S.Ct. 966 (1998). On appeal, Hogan does not identify which of Mayor Park's actions she claims are not entitled to legislative immunity. Instead, she generally argues that the Commissioners were aware of Mayor Park's conduct over the course of numerous

11

administrations and permitted him to administer the Monitor, cable channel and website without policies or standards. The District Court held that Mayor Park was entitled to legislative immunity with respect to using his gavel to limit the time Hogan spoke at meetings in order to keep the meetings on schedule. The District Court also held that Hogan's claims that she was out-voted by Mayor Park and the remaining Commissioner and her claims for the Township's failure to install her telephone upon her request were also entitled to legislative immunity. A legislator's exercise of discretionary and budgetary powers are entitled to legislative immunity. See id. at 970, 973. Mayor Park's actions in establishing the time and agendas for meetings were actions involving his exercise of discretionary powers and therefore they are entitled to legislative immunity. The record reflects that the Mayor did not install a telephone in Hogan's office immediately after her request because it would have required payment for overtime expenses. Because this decision involved budgetary concerns, Mayor Park is also entitled to legislative immunity regarding it. Finally, it is clear that Mayor Park's voting decisions are exercises of his discretionary legislative powers which are also entitled to legislative immunity. Therefore, we will affirm the District Court on this issue.

Mayor Park is also entitled to qualified immunity. Public officials who perform discretionary duties within the scope of their employment are "shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or

12

constitutional rights of which a reasonable person would have known." Harlow v. Fitzgerald, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738 (1982). Qualified immunity is not a defense to liability; it is an absolute immunity from suit. Saucier v. Katz, 533 U.S. 194, 200-01, 121 S.Ct. 2151, 2155 (2001). We have already determined that Hogan did not have First Amendment rights to publish articles in the Monitor, to post on the Township or cable channel, or access Mayor Park's official appointment schedule, or to the personnel files of Township employees. Therefore, appellees are shielded from liability and are entitled to qualified immunity for these claimed violations since the claimed conduct did not violate Hogan's clearly established constitutional rights. Id. at 2153.. With respect to Mayor Park's decisions regarding when to have a telephone installed for Hogan and in presiding over meetings, as discussed above, these are discretionary duties performed within the scope of his employment which shield him from liability and entitle him to qualified immunity. See Harlow, 102 S. Ct. at 2738. The District Court did not commit error in concluding that Mayor Park was entitled to both legislative and qualified immunity.

For the reasons discussed above, we will affirm the final order and judgment of the District Court.