NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1866
_____

LISA MERCANTANTI,
                    Appellant

v.

WCI OPERATIONS LLC

_____

On Appeal from the District Court
for the Eastern District of Pennsylvania
(E.D. Pa. No. 2-13-cv-03814)
District Judge: Honorable Jan E. DuBois
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
March 4, 2016

Before: JORDAN, GREENBERG, and SCIRICA, Circuit Judges

(Filed: April 1, 2016)

_____

OPINION[*]
_____

SCIRICA, *Circuit Judge*

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Lisa Mercantanti appeals the grant of summary judgment in favor of WCI Operations, LLC on her claims under the Age Discrimination in Employment Act (ADEA), 29 U.S.C. §§ 621–34, and the Pennsylvania Human Relations Act (PHRA), 43 P.S. § 951–63. We will affirm.[1]

## I.

WCI terminated Mercantanti's employment at the Washington Crossing Inn in November 2009, when she was fifty-four years old. Contending she was "replaced" by twenty-two-year-old Ashley Kohler, Mercantanti sued WCI under the ADEA and PHRA, alleging WCI terminated her employment because of her age.

WCI purchased the Inn in 2009, and in May of that year, chose to rehire the fifty-four-year-old Mercantanti as banquet manager—the same position she had before the purchase. As banquet manager, Mercantanti was responsible for banquets and other events at the Inn. Unfortunately, Mercantanti and WCI's new managers did not see eye-to-eye on many of WCI's ideas for operational changes. Mercantanti argued with WCI's managers about the directive not to bring her dog to work, the possibility of a new dress code, and WCI's requirement that she record certain categories of information about customer inquiries. Because of this "constant locking [of] horns and disagreements with new management," WCI terminated Mercantanti's employment on November 19, 2009. J.A. 3. WCI reported the termination as a "restructuring" to the state unemployment

---

[1] The trial court had subject-matter jurisdiction over Mercantanti's ADEA claim under 28 U.S.C. § 1331 and supplemental jurisdiction over Mercantanti's PHRA claim under 28 U.S.C. § 1367. We have jurisdiction over both claims under 28 U.S.C. § 1291.

authorities to assist Mercantanti in applying for unemployment compensation. *Id.* at 8.

During Mercantanti's six-month employment by WCI, she supervised twenty-two-year-old banquet assistant Kohler. WCI had promoted Kohler to the position of banquet assistant from that of hostess in July 2009.

Following Mercantanti's discharge, WCI eliminated the banquet-manager position and created the position of banquet coordinator. On November 25, 2009, five days after Mercantanti's termination, WCI offered the position of banquet coordinator—a position with no benefits and a lower salary than that of banquet manager—to Tara DiBianca, who turned down the offer. Without a banquet manager or coordinator, Kohler became temporarily responsible for banquets and events at the Inn. But WCI neither promoted Kohler to the position of banquet manager or banquet coordinator, nor promised her that she would be offered either position. Kohler carried out event and banquet responsibilities for about three months until WCI hired Cammy Castiello for the position of banquet coordinator on March 2, 2010. The position included benefits and a salary that was slightly higher than that offered to DiBianca, but still not as high as the salary Mercantanti made as banquet manager.[2]

## II.

On January 14, 2010, about two months after her termination, Mercantanti filed an age-discrimination claim against WCI with the Equal Employment Opportunity Commission (EEOC). At the same time, Mercantanti filed a discrimination claim with the

---

[2] Because Mercantanti's discrimination claim is based on being replaced by Kohler, not by DiBianca or Castiello, the District Court did not require the parties to provide the ages of DiBianca and Castiello.

3

Pennsylvania Human Relations Commission. The EEOC issued a notice of right to sue on April 2, 2013, and Mercantanti filed suit in federal court on July 1, 2013. Following discovery, the court granted WCI's motion for summary judgment.[3] Mercantanti timely appealed.

III.[4]

WCI concedes, for purposes of its summary judgment motion, that Mercantanti has presented a prima facie case of age discrimination.[5] But WCI offers a nondiscriminatory reason for discharging Mercantanti—Mercantanti constantly "locked horns" with WCI's management.[6] Therefore, the sole issue is whether Mercantanti has created a genuine issue of material fact about whether WCI's proffered non-discriminatory reasons for terminating Mercantanti's employment are pretextual. *Smith v.*

---

[3] We exercise plenary review over the trial court's grant of summary judgment, applying the same rule of law the trial court used. *Giles v. Kearney*, 571 F.3d 318, 322 (3d Cir. 2009). A trial court grants summary judgment only if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). To determine whether there is a genuine dispute, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). The non-movant cannot, however, "rely merely upon bare assertions, conclusory allegations or suspicions" to support a claim. *Fireman's Ins. Co. v. DuFresne*, 676 F.2d 965, 969 (3d Cir. 1982).

[4] Because the standards under the ADEA and PHRA are the same, we will address them collectively. *See Kautz v. Met-Pro Corp.*, 412 F.3d 463, 466 n.1 (3d Cir. 2005).

[5] Under the burden-shifting framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), an ADEA plaintiff bears the burden of proof and initial burden of production to show: (1) she is forty years of age or older; (2) the defendant took an adverse employment action against her; (3) she was qualified for the position in question; and (4) she was replaced by a sufficiently younger person to permit an inference of discriminatory animus. *Smith v. City of Allentown*, 589 F.3d 684, 689 (3d Cir. 2009).

[6] "Once the plaintiff [has established a prima facie case], the burden of production shifts to the employer to identify a legitimate non-discriminatory reason for the adverse employment action." *Smith*, 589 F.3d at 690.

4

*City of Allentown*, 589 F.3d 684, 690 (3d Cir. 2009).

To survive a motion for summary judgment in a "pretext" employment discrimination case, the plaintiff must present "'some evidence, direct or circumstantial, from which a factfinder could reasonably either (1) disbelieve the employer's articulated legitimate reasons; or (2) believe that an invidious discriminatory reason was more likely than not a motivating or determinative cause of the employer's action.'" *Burton v. Teleflex Inc.*, 707 F.3d 417, 427 (3d Cir. 2013) (quoting *Fuentes v. Perskie*, 32 F.3d 759, 764 (3d Cir. 1994)). The plaintiff must show "such weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder *could* rationally find them 'unworthy of credence.'" *Fuentes*, 32 F.3d at 765 (quoting *Ezold v. Wolf, Block, Schorr & Solis-Cohen*, 983 F.2d 509, 531 (3d Cir. 1992)). The plaintiff's evidence must contradict the "core facts put forward by the employer as the legitimate reason for its decision." *Kautz v. Met-Pro Corp.*, 412 F.3d 463, 467 (3d Cir. 2005).

We agree with the trial court that Mercantanti has failed to provide any evidence contradicting the "core facts" supporting WCI's reasons for terminating her employment at the Inn. WCI explained it fired Mercantanti because she disagreed with WCI's management on a number of issues. WCI proffers, and Mercantanti agrees, that she clashed with WCI over the new phone-call recording system, the directive she not bring her dog to work, and the possibility of a new dress code.

The trial court rejected Mercantanti's contention that a factfinder could reasonably find WCI's proffered reason for her discharge to be unworthy of credence because WCI

5

reported her termination as due to a "restructuring" rather than as due to conflicts with management. The evidence shows that WCI terminated Mercantanti's employment because she disagreed with the Inn's new management and that WCI's human resources department coded her termination as "restructuring" to allow Mercantanti to obtain unemployment benefits.[7] WCI's characterization of Mercantanti's termination as a restructuring does not undermine the core facts supporting the nondiscriminatory reason she was fired—her conflicts with management. Nor does it support the contention that WCI came up with its nondiscriminatory reason for Mercantanti's termination *post hoc*.[8]

We also find unpersuasive Mercantanti's contention that WCI's allegedly inconsistent statements, regarding whether Kohler was employed in the banquet manager position, create a genuine issue of material fact. WCI told the EEOC in February 2010, that Kohler did not take over the position of banquet manager. WCI now contends Kohler temporarily assumed Mercantanti's duties. Regardless of whether these statements are actually inconsistent,[9] we agree with the District Court that the inconsistency does not contradict the core facts WCI has provided in support of its employment decision. Therefore, the inconsistency is insufficient to show that WCI's proffered legitimate

[7] Mercantanti concedes that when she was fired, the Inn's general manager and the director of human resources told her she was being let go because of differences in personality with the Inn's owner. In addition, the director of human resources noted on a "Payroll Status Change" form that Mercantanti's termination was due to her lack of support for new management changes, but that the termination would be coded as restructuring to help Mercantanti apply for unemployment compensation.

[8] Mercantanti's claim of pretext is particularly implausible on these facts because she was the same age when WCI hired her into the position of banquet manager as when it fired her from this position six months later.

[9] It is not clear WCI provided inconsistent statements. Kohler was never formally promoted to the position of banquet manager or banquet coordinator.

reasons for its actions are "unworthy of credence." *Fuentes*, 32 F.3d at 765.

Mercantanti also contends that an invidious discriminatory reason was more likely than not the reason for her discharge because a substantially younger person took over her position. Although the fact that Kohler, who is thirty-two years younger than Mercantanti, took over Mercantanti's position is sufficient to help establish a prima facie case, it is not sufficient to undermine WCI's nondiscriminatory justification. WCI never promised to promote, nor formally promoted, Kohler to the position of banquet manager. In fact, it told Kohler she was too young for the position and that she was only assuming Mercantanti's responsibilities until WCI hired someone else. Moreover, five days after firing Mercantanti, WCI offered DiBianca the position of banquet coordinator. Although DiBianca turned down the position, roughly three months later Castiello accepted the position while Kohler was still employed at the Inn.

Mercantanti also contends WCI only offered Castiello the position of banquet coordinator in March 2010—over three months after it terminated Mercantanti—because Mercantanti had filed a complaint with the EEOC and it was trying to cover up the discriminatory reason it fired Mercantanti. This argument is unpersuasive. WCI offered the position of banquet coordinator to DiBianca in November 2009, before Mercantanti filed her complaint with the EEOC. This is the same position WCI offered to Castiello in March 2010.

## IV.

For the reasons set forth, we will affirm the trial court's grant of summary judgment in favor of WCI.

7